870 So.2d 673 (2004)
David S. LAWRENCE d/b/a Lawrence Investments, Appellant,
v.
Robert John RANKIN, Appellee.
No. 2003-CA-00008-COA.
Court of Appeals of Mississippi.
April 13, 2004.
*674 G. Charles Bordis, Ocean Springs, attorney for appellant.
Robert John Rankin, pro se.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
BRIDGES, J., for the Court.
¶ 1. On or about January 27, 2000, Robert John Rankin filed a civil action to cancel cloud on title to real property and improvements located at 817 13th Street, Pascagoula, Mississippi. David Lawrence, d/b/a Lawrence Investments, filed an answer and counterclaim seeking a confirmation of title to the land. On November 9, 2000, Rankin filed an amended civil action to cancel cloud on title which added the United States Small Business Administration as a defendant.
¶ 2. On April 10, 2001, the Circuit Court of Jackson County issued a ruling which set aside the chancery clerk's conveyance to Lawrence and found that the Chancery Clerk of Jackson County, Mississippi, failed to follow notice requirements set forth in Mississippi Code Annotated section 27-43-3 (Rev.2002). The circuit court further ordered Rankin to pay Lawrence the sum of $957.84, plus interest.
¶ 3. Lawrence now appeals to this Court. It should be noted that Rankin did not file a brief in this appeal.

STATEMENT OF THE ISSUES
I. DID THE LOWER COURT COMMIT MANIFEST ERROR IN FINDING THE CHANCERY CLERK FAILED TO COMPLY WITH MISSISSIPPI CODE ANNOTATED SECTION 27-43-3?
II. DID THE LOWER COURT ERR IN FAILING TO ENTER A FINDINGS OF FACT AND CONCLUSIONS OF LAW?
III. DID THE LOWER COURT COMMIT MANIFEST ERROR IN FAILING TO AWARD DAMAGES AND INTEREST TO DAVID LAWRENCE D/B/A LAWRENCE INVESTMENTS PURSUANT TO APPLICABLE STATUTES?

FACTS
¶ 4. Robert John Rankin is the owner of land and improvements located at 817 13th Street, Pascagoula, Mississippi. He acquired fee simple title by way of a quitclaim deed which was executed on September 26, 1979, and recorded in the Office of the Chancery Clerk of Jackson County.
¶ 5. For several years, Rankin had been delinquent in the payment of his land taxes. He was informed of the delinquent taxes, notices of delinquency and the ultimate forfeiture of property for failure to pay taxes.
¶ 6. In 1996, Rankin failed to pay taxes which were due on the above listed land for 1995 and the property was sold for delinquent taxes in August 1996. The land was bought by David S. Lawrence, d/b/a Lawrence Investments, who paid the taxes which became due on the land.
¶ 7. Prior to the date of forfeiture, the Chancery Clerk of Jackson County, Mississippi, conducted a title search on the land assessed to Rankin. A notice to landowner was forwarded to Rankin by the Chancery Clerk of Jackson County, Mississippi on June 26, 1998. The notice advised Rankin that his land had been sold to *675 Lawrence on August 26, 1996, for delinquent taxes and that a failure to redeem the land from the tax sale prior to August 26, 1998, would result in a forfeiture. The clerk forwarded the notice to Rankin via certified mail and U.S. mail, postage paid. The delivery of certified mail was attempted on June 29, 1998 and July 14, 1998; however, the certified mail was returned as unclaimed. The clerk searched telephone directories, records in the Office of the Tax Collector, records in the Office of the City Tax Collector, school index and tax rolls, tax assessor records, and court department records in an effort to locate Rankin. An affidavit setting forth the diligent search of the chancery clerk was prepared by Mrs. Jeri Heidel, deputy clerk. Following the diligent search, the Sheriff of Jackson County attempted to personally serve Rankin with the notice to landowner. The sheriff's return indicates that the deputy sheriff was advised that Rankin "relocated." There was also a notice made in the Mississippi Press, a local newspaper, on August 20/27, 1998.
¶ 8. Rankin failed to redeem his land and the chancery clerk issued a "Chancery Clerk's Conveyance, Land Sold for Taxes" to Lawrence on October 20, 1998, thereby selling and conveying the land to Lawrence.

ANALYSIS
I. DID THE LOWER COURT COMMIT MANIFEST ERROR IN FINDING THE CHANCERY CLERK FAILED TO COMPLY WITH MISSISSIPPI CODE ANNOTATED SECTION 27-43-3?
¶ 9. In his brief, Lawrence argues the chancellor committed manifest error in declaring the tax sale invalid and setting aside the chancery clerk's conveyance which transferred title to the real estate to Lawrence.
¶ 10. Mississippi Code Annotated section 27-43-3 (Rev.2002) requires the chancery clerk to issue notice to landowners regarding the delinquent taxes and forfeiture. This section was amended in 1975, and the pertinent parts of the amended statute follow:
In the event the notice by mail is returned undelivered and the personal notice as hereinabove required to be served by the sheriff is returned not found, then the clerk shall make further search and inquiry ... [i]f personal notice is again issued and it is again returned not found and if notice by mail is again returned undelivered, then the clerk shall file an affidavit to that effect and shall specify therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sales record.
¶ 11. The Mississippi Supreme Court, in Hart v. Catoe, 390 So.2d 1001, 1002 (Miss.1980), stated that upon an examination of the above stated statute, it "indicates that stringent requirements were placed upon the chancery clerk to notify a landowner of the tax sale and the fact that title to the land sold would mature in the purchaser on a certain date."
¶ 12. Without going into detail the acts taken by the chancery clerk in attempting to comply with the statute, to locate and notify Rankin, the record does state that the clerk filed an affidavit which certified that search was made in specific places, such as the phone directory, city tax directory, and sectional index and rolls, only to name a few. Additionally, personal notice by certified mail was issued on two separate occasions and both times service was "returned." There is also mention in the *676 record that notice was served by the sheriff's department with the result being a notation on the back that he (Rankin) was relocated. Finally, there is evidence that a publication was made as prescribed by statute.
¶ 13. However, after a comprehensive reading of the record, it is undisputed that the chancery clerk failed to file the supporting affidavits required by the statute when personal notice is returned undelivered. In Mississippi, it is public policy to favor and protect landowners from loss by its sale for taxes. Carmadelle v. Custin, 208 So.2d 51, 55 (Miss.1968).
¶ 14. The statute involved in the present case must be given a strict construction, and its requirements fully satisfied. Such was not the case here. The failure of the supporting affidavit renders the tax deed to Lawrence void. The lower court was indeed correct in cancelling the tax deed and, therefore, the judgment of the chancellor is affirmed.
II. DID THE LOWER COURT ERR IN FAILING TO ENTER A FINDINGS OF FACT AND CONCLUSIONS OF LAW?
¶ 15. At the conclusion of the hearing, the chancellor instructed counsel for both parties to submit proposed findings of fact and conclusions of law within twenty days. However, prior to the expiration of the twenty day period, the chancellor entered a ruling declaring the tax sale and the clerk's conveyance to Lawrence invalid. Lawrence claims that the failure of the chancellor to enter findings of fact and conclusions of law constitutes manifest, reversible error.
¶ 16. Lawrence partially relies on Turpin v. Turpin, and quotes the following from that case: "To aid in appellate review, findings of fact by the chancellor, together with the legal conclusions drawn from those findings, are required." Turpin v. Turpin, 699 So.2d 560, 565(¶ 16) (Miss.1997). While this is certainly true, it only applies to certain instances in DOMESTIC cases, which in the case of Turpin, involved division of marital assets as well as the award of periodic and/or lump sum alimony.
¶ 17. However, Mississippi Rules of Civil Procedure Rule 52 provides that:
[i]n all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specifically and state separately its conclusions of law thereon and judgment shall be entered accordingly.
In Tricon Metals & Services, Inc. v. Topp, 516 So.2d 236, 239 (Miss.1987), the Mississippi Supreme Court addressed a trial court's responsibility to provide findings of fact and conclusions of law absent a party's request to do so, which is the case sub judice. The court in Tricon held that the word "may" in Rule 52 should be construed to read "generally should" in complex cases, and failure to make such findings "will generally be regarded as an abuse of discretion." Id. at 239.
¶ 18. Obviously this is not a domestic case, and this Court finds that this case is neither complex nor complicated. While we feel the chancellor should have made such findings and conclusions, this in no way creates manifest, reversible error.
III. DID THE LOWER COURT COMMIT MANIFEST ERROR IN FAILING TO AWARD DAMAGES AND INTEREST TO DAVID LAWRENCE D/B/A LAWRENCE INVESTMENTS PURSUANT TO APPLICABLE STATUTES?
¶ 19. Lawrence claims that the lower court erred in its ruling, dated May 7, 2002, in which the court ordered Rankin to refund Lawrence the taxes paid, plus interest at the rate of 8% per annum.
*677 ¶ 20. Mississippi Code Annotated section 27-45-3 involving redemption of land sold for taxes, states in pertinent part, as follows:
The owner, or any persons for him with his consent, or any person interested in the land sold for taxes, may redeem the same, or any part of it ... by paying to the chancery clerk, regardless of the amount of the purchaser's bid at the tax sale, the amount of all taxes for which the land was sold, with all costs incident to the sale, and five percent (5%) damages on the amount of taxes for which the land was sold, and interest on all such taxes and costs at the rate of one and one-half percent (1-1/2%) per month, or any fractional part thereof, from the date of such sale, and all costs that have accrued on the land since the sale, with interest thereon from the date such costs shall have accrued, at the rate of one and one-half percent (1-1/2%) per month, or any fractional part thereof.
¶ 21. We find that the chancellor erred in not ordering that Rankin pay to Lawrence the interest due him as provide by the statute at one and one half percent per month, together with damages thereon at a rate of 5% per annum on such amount due as provided by statute. We are reversing this matter so that the chancellor can calculate the amount of taxes due and owing, plus said interest and damages, said amount to be ordered paid by Rankin to Lawrence.
¶ 22. We find no provision in the law for the assessment of attorney's fees in a case such as the case sub judice. Therefore, this Court cannot order that attorney's fees be paid. Further this Court cannot assess or order attorney's fees in a case unless same was ordered in the trial court. Since there is no provision for the payment of such, this Court has no authority to order attorney's fees.
¶ 23. THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS AFFIRMED IN PART AS TO ISSUES I AND II AND REVERSED AND REMANDED IN PART AS TO ISSUE III. COSTS OF THIS APPEAL ARE ASSESSED, ONE HALF TO THE APPELLANT AND ONE HALF TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.