22 So.3d 1247 (2009)
SKL INVESTMENTS, INC., Appellant
v.
AMERICAN GENERAL FINANCE, INC., Appellee.
No. 2008-CA-01575-COA.
Court of Appeals of Mississippi.
December 1, 2009.
*1248 Parker Hays Still, Batesville, Mark Thompson Segars, Iuka, attorneys for appellant.
Douglas L. Tynes, Pascagoula, attorney for appellee.
EN BANC.
ROBERTS, J., for the Court.
¶ 1. On August 31, 2002, a one-acre tract of land located in Booneville, Mississippi that was owned by Genise Roland was sold to SKL Investments, Inc., (SKL) for unpaid county taxes for the 2001 fiscal year. At some point prior to the two-year redemption period, the Prentiss County Chancery Clerk sent notice of the tax sale to all proper parties, including American General Finance, Inc. (American General), a lienholder. After the two-year redemption period had expired, the chancery clerk executed a tax deed to SKL.
¶ 2. On August 16, 2006, SKL filed a complaint in the Prentiss County Chancery Court to quiet title to the property.[1] *1249 American General answered and asserted that the tax sale was void because it did not receive notice pursuant to Mississippi Code Annotated section 27-43-5 (Rev. 2006). American General also asserted that the tax sale was void because the chancery clerk failed to follow the proper procedures as set forth in Mississippi Code Annotated section 27-43-9 (Rev.2006).
¶ 3. After a hearing, the chancellor found that American General did not receive notice of the tax sale; thus, the tax sale was void as to American General. However, the chancellor confirmed SKL's tax sale purchase of the property, subject to American General's lien. SKL appeals, asserting the following issues: (1) the chancellor erred in finding that American General failed to receive proper notice of the tax sale; (2) the chancellor erred in confirming the SKL's tax-sale purchase of the property subject to American General's lien; and (3) the chancellor erred in failing to award SKL damages and interest. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 4. Our standard of review of a chancellor's decision is well settled: We will not disturb a chancellor's findings unless they are manifestly wrong, clearly erroneous, or the chancellor applied an erroneous legal standard. Stokes v. Campbell, 794 So.2d 1045, 1047-48(¶ 9) (Miss.Ct.App.2001). We review questions of law de novo. Gillespie v. Kelly, 809 So.2d 702, 705(¶ 9) (Miss.Ct.App.2001).

ANALYSIS

I. NOTICE
¶ 5. SKL argues that the chancellor erred in finding that American General failed to receive notice of the tax sale. Mississippi Code Annotated section 27-43-5 establishes the chancery clerk's duty to provide notice of a tax sale to lienholders when land is to be sold for taxes. Section 27-43-5 provides as follows:
It shall be the duty of the clerk of the chancery court to examine the record of deeds, mortgages and deeds of trust in his office to ascertain the names and addresses of all mortgagees, beneficiaries and holders of vendors liens of all lands sold for taxes; and he shall, within the time fixed by law for notifying owners, send by certified mail with return receipt requested to all such lienors so shown of record the following notice, to-wit:
[Notice form omitted.]
¶ 6. Sometime in June 2004, American General received, by certified mail, an instrument entitled "2001 Delinquent Tax Notices." The document did not contain the name of the property owner, a description of the land, the book and page number of the deed of trust, or the purchaser of the property at the tax sale. During the subsequent hearing, the chancery clerk testified that it was customary to send a cover page to lienholders with the list of properties attached and the property identified by a "PPIN" number. However, a copy of the notice sent to American General was not retained in the chancery clerk's files.
¶ 7. Furthermore, the chancery clerk failed to follow the requirements of Mississippi Code Annotated section 27-43-9, which provides:
Upon completing the examination for said liens, the clerk shall enter upon the tax sale book upon the page showing the sale a notation to the effect that such examination had been made, giving the names and addresses, if known, of said *1250 lienors, the book and page where the liens are created, and the date of mailing by registered mail the notice to the lienors. If the clerk finds no liens of record, he shall so certify on said tax sale book. In each instance the clerk shall date the certificate and sign his name thereto.
In its brief, SKL concedes that the chancery clerk did not strictly follow section 27-43-5 and section 27-43-9. Even so, SKL argues that American General should not be permitted to "escape on a technicality." However, "[s]tatutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners. . . [and] [a]ny deviation from the statutorily[-]mandated procedure renders the sale void." Roach v. Goebel, 856 So.2d 711, 716(¶ 29) (Miss.Ct.App.2003) (citations omitted). We conclude that American General did not receive the statutorily-required notice; thus, the chancellor correctly found that the tax sale was void as to American General. This issue lacks merit.

II. AMERICAN GENERAL'S LIEN
¶ 8. Next, SKL argues that the chancellor was correct when he confirmed the tax sale, but he erred in holding that the property at issue was subject to American General's lien. SKL argues that a valid tax sale extinguishes any existing lien of deed of trust. However, the case SKL cites as authority, Hancock Bank v. Ladner, 727 So.2d 743, 746(¶ 6) (Miss.Ct.App. 1998), is distinguishable as it dealt with a lien for a deed of trust that was executed between the date of the valid tax sale and the end of the two-year redemption period, and most importantly, the mortgagee received valid notice of the tax sale but took no action.
¶ 9. Mississippi Code Annotated section 27-43-11 (Rev.2006) states, in pertinent part, that:
A failure to give the required notice to such lienors shall render the tax title void as to such lienors, and as to them only, and such purchaser shall be entitled to a refund of all such taxes paid the state, county or other taxing district after filing his claim therefor as provided by law.
(Emphasis added). American General takes the position that the phrase "as to them only" supports the chancellor's decision to confirm the tax sale subject to American General's lien. We agree.
¶ 10. It is clear that the failure to give proper notice to a lienholder renders that tax sale void as to that lienholder. See Gober v. Chase Manhattan Bank, 918 So.2d 840, 843(¶ 10) (Miss.Ct.App.2005). The Mississippi Attorney General's Office has opined that "a chancery clerk may not certify a tax sale that is void due to the failure to give proper notice to a lienholder." Miss. Att'y Gen. Op. No. 03-0506, Dew (Oct. 17, 2003); see also Miss. Att'y Gen. Op. No. 97-0101, Ladner (Mar. 21, 1997). However, section 27-43-11 provides that the "failure to give the required notice to such lienors shall render the tax title void as to such lienors, and as to them only." (Emphasis added). We interpret that provision to mean that the tax sale is confirmed as to all others except those lienholders who failed to receive the statutorily-required notice.
¶ 11. Section 27-43-11 further provides that, in the event that a tax title is rendered void for the failure to provide the required notice to a lienholder, the purchaser at the tax sale "shall be entitled to a refund of all such taxes paid the state, county or other taxing district after filing his claim therefor as provided by law." (Emphasis added). We interpret section 27-43-11 as providing an election of remedies. In the event that a tax sale is rendered *1251 void for improper notice to one lienholder, but not others, the purchaser is faced with two options. The purchaser may opt to retain the property subject to the lien of the improperly-noticed lienholder. Alternatively, the purchaser may opt to file a claim for a refund, thereby relinquishing all rights to the property. Among other variables, the purchaser's decision will depend on the value of the property, the amount paid for the property, and the amount of the lien on the property. Accordingly, we cannot find that the chancellor erred when he confirmed the tax sale subject to American General's lien. This issue is without merit.

III. DAMAGES AND INTEREST TO SKL
¶ 12. In its last issue on appeal, SKL asserts that the chancellor erred in failing to award it damages and interest. As mentioned, pursuant to section 27-43-11, SKL is entitled to a refund of all the taxes paid, but only after filing a "claim therefor as provided by law." The record does not reflect that SKL has filed a claim for a refund of the taxes it paid. Until SKL files such a claim, we can only conclude that SKL has opted to retain title to the property subject to American General's lien.
¶ 13. SKL also argues that Mississippi Code Annotated section 27-45-27(1) (Rev.2006) supports its claim that it was entitled to damages and interest. Section 27-45-27(1) provides, in pertinent part, as follows:
The amount paid by the purchaser of land at any tax sale thereof for taxes,. . . and interest on the amount paid by the purchaser at the rate of one and one-half percent . . . per month, or any fractional part thereof, and all expenses of the sale and registration, thereof shall be a lien on the land in favor of the purchaser . . ., if the taxes for which the land was sold were due, although the sale was illegal on some other ground.
We do not interpret section 27-45-27(1) to mean that, where a tax sale is rendered void as to one lienholder, but not to others, the purchaser may recover statutory damages against the non-voided lienholder. Instead, section 27-45-27(1) holds that, if taxes were due on certain property and the tax sale was illegal, the amount that a purchaser pays at a tax sale, as well as "all expenses of the sale and registration," becomes a lien for the purchaser. Here, however, the chancellor held that SKL purchased the property at issue, but that the property was subject to American General's lien because American General did not receive proper notice of the tax sale. If SKL were allowed to recover from American General and allowed to retain its interest in the property, SKL would receive an inequitable windfall.
¶ 14. Finally, SKL claims it is entitled to damages and interest pursuant to Lawrence v. Rankin, 870 So.2d 673, 677(¶ 21) (Miss.Ct.App.2004). However, Lawrence concerned the remedy due when a landowner  not a lienholder  did not receive proper notice of a tax sale. Id. at 676(¶ 13). This Court held that a chancellor erred when he did not order a landowner to pay a purchaser interest due pursuant to Mississippi Code Annotated section 27-45-3 (Rev.2002) of "one and one half percent per month, together with damages thereon at a rate of 5% per annum on such amount due." Id. at 677(¶ 21). Additionally, Mississippi Code Annotated section 27-45-3 (Rev.2006) applies to redemption of land sold for taxes. There has been no redemption in this case. To the extent that this case, like Lawrence, contains factual similarities involving improper notice of the tax sale, this case is distinguished from Lawrence in that this case does not involve improper notice to the sole landowner. *1252 Instead, this case involves improper notice to one lienholder. Accordingly, section 27-43-11 applies and sets forth that SKL is entitled to a refund of the amount it paid at the tax sale if it elects to file a claim for that amount. We find no merit to this issue.
¶ 15. THE JUDGMENT OF THE PRENTISS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. LEE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, P.J., AND JOINED IN PART BY IRVING, J.
LEE, P.J., Dissenting.
¶ 16. With respect to the majority, I dissent. While I agree that American General Finance, Inc., did not receive proper notice, I find that the failure to give proper notice renders the entire tax sale void, not just as to American General. "Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners [and] [a]ny deviation from the statutorily[-]mandated procedure renders the sale void." Rebuild America, Inc. v. Milner, 7 So.3d 972, 974(¶ 7) (Miss.Ct.App.2009) (internal citations omitted).
¶ 17. The majority is correct that failure to give proper notice to a lienholder renders that tax sale void. Mississippi Code Annotated section 27-43-11 (Rev. 2006) provides that the "failure to give the required notice to such lienors shall render the tax title void as to such lienors, and as to them only[.]" The majority interprets this to mean that notice to the principal owner, having been validly given, need not be re-noticed due to any deficient notice to the lienholder, thereby sanctioning a piecemeal conveyance. Obviously, the principal owner would be identified on any lien, and one can only imagine that the intent of the Legislature was that the principal owner would not have to be noticed also with the lienholder in addition to having received their separate individual notice. Nevertheless, failure to give a proper and correct notice in any respect whether as to the description or otherwise has rendered the tax deed void in its entirety. Surely, the Legislature has never intended to sanction piecemeal conveyances in tax sales. To do so would create havoc, confusion, and strange bedfellows to any other non-noticed existing co-owners. By the inclusion of this extra language, the Legislature may very well have proved Cicero's admonition, "Summum ius summa injuria" (the more law, the less justice).
¶ 18. Without citing supportive authority, the majority interprets "as to them only" to mean that the tax sale is confirmed as to all others except those lienors who failed to receive proper notice. I do not imagine that the Legislature intended for tax-sale purchasers to retain land with a lien attached. If a tax sale is considered void, then the tax sale may not be certified. The Legislature intended that the purchaser of land at a tax sale "shall" receive "a perfect title with the immediate right of possession." Miss.Code Ann. § 27-45-23 (Rev.2006). Mississippi law favors landowners retaining their property as opposed to a tax-sale purchaser receiving a windfall. The trade-off is the purchaser receives interest and penalties on his expenditure. To allow otherwise would open Pandora's box and result in confusion in the ownership of property.
¶ 19. The purpose of providing notice is to allow owners or lienors the opportunity to redeem the land before the tax sale is certified. The Mississippi Attorney General's *1253 Office has opined that "a chancery clerk may not certify a tax sale that is void due to the failure to give proper notice to a lienholder." Miss. Att'y Gen. Op. No. 03-0506, Dew (Oct. 17, 2003); see also Miss. Att'y Gen. Op. No. 97-0101, Ladner (Mar. 21, 1997). If the tax sale cannot be certified, then "[p]roper notice should be provided to the lienholder [pursuant to statute]. . . and the property should be sold at the next tax sale if the taxes are not paid." Miss. Att'y Gen. Op. No. 03-0506, Dew (Oct. 17, 2003).
¶ 20. Furthermore, although there is scant case law on the subject, case law appears to support the proposition that tax sales are not voided piecemeal. See Reid v. Fed. Land Bank of New Orleans, 166 Miss. 392, 148 So. 392, 393 (1933) (affirmed the chancery court's decision to void tax deed for failure to properly notice the lienor); Gober v. Chase Manhattan Bank, 918 So.2d 840, 843(¶ 8) (Miss.Ct.App.2005) (affirmed the chancellor's decision to void tax sale, reinstate deed of trust, and confirm title to the property to the lienor); see also Kron v. First Fed. Sav. & Loan Ass'n of Hattiesburg, 449 F.2d 865, 867 (5th Cir. 1971) (upheld summary judgment in favor of lienor and current property owner, finding that expiration of the redemption period following sale of property at tax sale was fatal to the purchaser's claim to the property in question and that the tax sale did not impair the lienor's right to foreclose after the redemption period and convey the property to another).
¶ 21. The last part of section 27-43-11 reads as follows: "[A]nd such purchaser shall be entitled to a refund of all such taxes paid by the state, county or other taxing district after filing his claim therefor as provided by law." Clearly, the Legislature anticipated this situation by crafting a remedy for the purchaser to receive a refund if such tax sale was deemed void. Since the Legislature has given the lienor the opportunity to redeem the land if properly given notice, I disagree with the majority that this particular language allows the tax purchaser an election of remedies. If the property had been redeemed, then the purchaser would be paid back the amount he paid at the tax sale and the amount he paid in taxes after the sale, including any interest, penalties, and costs provided by statute.
¶ 22. In regard to SKL Investments, Inc.'s request for damages, I agree that SKL is entitled to a refund of all taxes paid, but only after SKL files a claim for a refund.
¶ 23. For the foregoing reasons, I find that the chancellor abused his discretion in confirming the tax sale subject to American General's lien.
MYERS, P.J., JOINS THIS OPINION. IRVING, J., JOINS THIS OPINION IN PART.
NOTES
[1] In its complaint, SKL also named as defendants Genise Roland a/k/a Genise R. Crayton and her husband Johnny Crayton, the fee title holders, and Annise Roland, the then-possessor of the property, all of whom had failed to pay the 2001 county taxes on the property at issue. Those parties were personally served with process and did not respond to or otherwise contest SKL's complaint to quiet title.