ROBERTS, J.,
for the Court.
¶ 1. On August 31, 2002, a one-acre tract of land located in Booneville, Mississippi that was owned by Genise Roland was sold to SKL Investments, Inc., (SKL) for unpaid county taxes for the 2001 fiscal year. At some point prior to the two-year redemption period, the Prentiss County Chancery Clerk sent notice of the tax sale to all proper parties, including American General Finance, Inc. (American General), a lienholder. After the two-year redemption period had expired, the chancery clerk executed a tax deed to SKL.
¶ 2. On August 16, 2006, SKL filed a complaint in the Prentiss County Chancery Court to quiet title to the property.[1] *1249 American General answered and asserted that the tax sale was void because it did not receive notice pursuant to Mississippi Code Annotated section 27-43-5 (Rev. 2006). American General also asserted that the tax sale was void because the chancery clerk failed to follow the proper procedures as set forth in Mississippi Code Annotated section 27-43-9 (Rev.2006).
¶ 3. After a hearing, the chancellor found that American General did not receive notice of the tax sale; thus, the tax sale was void as to American General. However, the chancellor confirmed SKL’s tax sale purchase of the property, subject to American General’s lien. SKL appeals, asserting the following issues: (1) the chancellor erred in finding that American General failed to receive proper notice of the tax sale; (2) the chancellor erred in confirming the SKL’s tax-sale purchase of the property subject to American General’s lien; and (3) the chancellor erred in failing to award SKL damages and interest. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 4. Our standard of review of a chancellor’s decision is well settled: We will not disturb a chancellor’s findings unless they are manifestly wrong, clearly erroneous, or the chancellor applied an erroneous legal standard. Stokes v. Campbell, 794 So.2d 1045, 1047-48(119) (Miss.Ct.App.2001). We review questions of law de novo. Gillespie v. Kelly, 809 So.2d 702, 705(¶ 9) (Miss.Ct.App.2001).
ANALYSIS
I. NOTICE
¶ 5. SKL argues that the chancellor erred in finding that American General failed to receive notice of the tax sale. Mississippi Code Annotated section 27-43-5 establishes the chancery clerk’s duty to provide notice of a tax sale to lienholders when land is to be sold for taxes. Section 27-43-5 provides as follows:
It shall be the duty of the clerk of the chancery court to examine the record of deeds, mortgages and deeds of trust in his office to ascertain the names and addresses of all mortgagees, beneficiaries and holders of vendors liens of all lands sold for taxes; and he shall, within the time fixed by law for notifying owners, send by certified mail with return receipt requested to all such lienors so shown of record the following notice, to-wit:
[Notice form omitted.]
¶ 6. Sometime in June 2004, American General received, by certified mail, an instrument entitled “2001 Delinquent Tax Notices.” The document did not contain the name of the property owner, a description of the land, the book and page number of the deed of trust, or the purchaser of the property at the tax sale. During the subsequent hearing, the chancery clerk testified that it was customary to send a cover page to lienholders with the list of properties attached and the property identified by a “PPIN” number. However, a copy of the notice sent to American General was not retained in the chancery clerk’s files.
¶ 7. Furthermore, the chancery clerk failed to follow the requirements of Mississippi Code Annotated section 27-43-9, which provides:
Upon completing the examination for said liens, the clerk shall enter upon the tax sale book upon the page showing the sale a notation to the effect that such examination had been made, giving the names and addresses, if known, of said *1250 lienors, the book and page where the liens are created, and the date of mailing by registered mail the notice to the lien-ors. If the clerk finds no liens of record, he shall so certify on said tax sale book. In each instance the clerk shall date the certificate and sign his name thereto.
In its brief, SKL concedes that the chancery clerk did not strictly follow section 27-43-5 and section 27-43-9. Even so, SKL argues that American General should not be permitted to “escape on a technicality.” However, “[statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners ... [and] [a]ny deviation from the statutorily[-]mandated procedure renders the sale void.” Roach v. Goebel, 856 So.2d 711, 716(¶ 29) (Miss.Ct.App.2003) (citations omitted). We conclude that American General did not receive the statutorily-required notice; thus, the chancellor correctly found that the tax sale was void as to American General. This issue lacks merit.
II. AMERICAN GENERAL’S LIEN
¶ 8. Next, SKL argues that the chancellor was correct when he confirmed the tax sale, but he erred in holding that the property at issue was subject to American General’s lien. SKL argues that a valid tax sale extinguishes any existing lien of deed of trust. However, the case SKL cites as authority, Hancock Bank v. Ladner, 727 So.2d 743, 746(¶ 6) (Miss.Ct.App.1998), is distinguishable as it dealt with a lien for a deed of trust that was executed between the date of the valid tax sale and the end of the two-year redemption period, and most importantly, the mortgagee received valid notice of the tax sale but took no action.
¶ 9. Mississippi Code Annotated section 27-43-11 (Rev.2006) states, in pertinent part, that:
A failure to give the required notice to such lienors shall render the tax title void as to such lienors, and as to them only, and such purchaser shall be entitled to a refund of all such taxes paid the state, county or other taxing district after filing his claim therefor as provided by law.
(Emphasis added). American General takes the position that the phrase “as to them only” supports the chancellor’s decision to confirm the tax sale subject to American General’s lien. We agree.
¶ 10. It is clear that the failure to give proper notice to a lienholder renders that tax sale void as to that lienholder. See Gober v. Chase Manhattan Bank, 918 So.2d 840, 843(¶ 10) (Miss.Ct.App.2005). The Mississippi Attorney General’s Office has opined that “a chancery clerk may not certify a tax sale that is void due to the failure to give proper notice to a lienholder.” Miss. Att’y Gen. Op. No. 03-0506, Dew (Oct. 17, 2003); see also Miss. Att’y Gen. Op. No. 97-0101, Ladner (Mar. 21, 1997). However, section 27-43-11 provides that the “failure to give the required notice to such lienors shall render the tax title void as to such lienors, and as to them only.” (Emphasis added). We interpret that provision to mean that the tax sale is confirmed as to all others except those lienholders who failed to receive the statutorily-required notice.
¶ 11. Section 27-43-11 further provides that, in the event that a tax title is rendered void for the failure to provide the required notice to a lienholder, the purchaser at the tax sale “shall be entitled to a refund of all such taxes paid the state, county or other taxing district after filing his claim therefor as provided by law” (Emphasis added). We interpret section 27-43-11 as providing an election of remedies. In the event that a tax sale is ren *1251 dered void for improper notice to one lien-holder, but not others, the purchaser is faced with two options. The purchaser may opt to retain the property subject to the lien of the improperly-noticed lienholder. Alternatively, the purchaser may opt to file a claim for a refund, thereby relinquishing all rights to the property. Among other variables, the purchaser’s decision will depend on the value of the property, the amount paid for the property, and the amount of the lien on the property. Accordingly, we cannot find that the chancellor erred when he confirmed the tax sale subject to American General’s lien. This issue is without merit.
III. DAMAGES AND INTEREST TO SKL
¶ 12. In its last issue on appeal, SKL asserts that the chancellor erred in failing to award it damages and interest. As mentioned, pursuant to section 27-43-11, SKL is entitled to a refund of all the taxes paid, but only after filing a “claim therefor as provided by law.” The record does not reflect that SKL has filed a claim for a refund of the taxes it paid. Until SKL files such a claim, we can only conclude that SKL has opted to retain title to the property subject to American General’s lien.
¶ 13. SKL also argues that Mississippi Code Annotated section 27-45-27(1) (Rev.2006) supports its claim that it was entitled to damages and interest. Section 27-45-27(1) provides, in pertinent part, as follows:
The amount paid by the purchaser of land at any tax sale thereof for taxes, ... and interest on the amount paid by the purchaser at the rate of one and one-half percent ... per month, or any fractional part thereof, and all expenses of the sale and registration, thereof shall be a lien on the land in favor of the purchaser ..., if the taxes for which the land was sold were due, although the sale was illegal on some other ground.
We do not interpret section 27-45-27(1) to mean that, where a tax sale is rendered void as to one lienholder, but not to others, the purchaser may recover statutory damages against the non-voided lienholder. Instead, section 27-45-27(1) holds that, if taxes were due on certain property and the tax sale was illegal, the amount that a purchaser pays at a tax sale, as well as “all expenses of the sale and registration,” becomes a lien for the purchaser. Here, however, the chancellor held that SKL purchased the property at issue, but that the property was subject to American General’s lien because American General did not receive proper notice of the tax sale. If SKL were allowed to recover from American General and allowed to retain its interest in the property, SKL would receive an inequitable windfall.
¶ 14. Finally, SKL claims it is entitled to damages and interest pursuant to Lawrence v. Rankin, 870 So.2d 673, 677(¶ 21) (Miss.Ct.App.2004). However, Lawrence concerned the remedy due when a landowner — not a lienholder — -did not receive proper notice of a tax sale. Id. at 676(¶ 13). This Court held that a chancellor erred when he did not order a landowner to pay a purchaser interest due pursuant to Mississippi Code Annotated section 27-45-3 (Rev.2002) of “one and one half percent per month, together with damages thereon at a rate of 5% per annum on such amount due.” Id. at 677(¶ 21). Additionally, Mississippi Code Annotated section 27-45-3 (Rev.2006) applies to redemption of land sold for taxes. There has been no redemption in this case. To the extent that this case, like Lawrence, contains factual similarities involving improper notice of the tax sale, this case is distinguished from Lawrence in that this case does not involve improper notice to the sole land *1252 owner. Instead, this case involves improper notice to one lienholder. Accordingly, section 27-43-11 applies and sets forth that SKL is entitled to a refund of the amount it paid at the tax sale if it elects to file a claim for that amount. We find no merit to this issue.
¶ 15. THE JUDGMENT OF THE PRENTISS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. LEE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, P.J., AND JOINED IN PART BY IRVING, J.

. In its complaint, SKL also named as defendants Genise Roland a/k/a Genise R. Crayton and her husband Johnny Crayton, the fee title holders, and Annise Roland, the then-possessor of the property, all of whom had failed to pay the 2001 county taxes on the property at issue. Those parties were personally served *1249 with process and did not respond to or otherwise contest SKL's complaint to quiet title.