KING, C.J.,
 

 for the Court.
 

 ¶ 1. Green Tree Servicing, LLC (Green Tree)
 
 [1]
 
 appeals a decision by the Adams County Chancery Court refusing to set aside a tax sale for failure to provide proper statutory notice to the lienholder. Aggrieved, Green Tree appeals arguing that: (1) the chancellor erred in failing to set aside a tax sale where no sheriffs notice was attempted; (2) the chancellor erred in failing to set aside a tax sale where the alleged lienholder’s notice was defective; (3) the chancellor erred in failing to set aside the tax sale due to the clerk’s failure to strictly follow the tax-sale-notification procedure. Because Green Tree did not receive the proper statutory notice of the tax sale and right of redemption, this Court finds error, and reverses and renders .the decision of the Adams County Chancery Coui't.
 

 FACTS
 

 ¶ 2. On August 28, 2000, Francis Sullivan purchased from R. Garrett Stephens, the property situated in Adams County, Mississippi described as:
 

 All of Lot Number Seven (7) of the Passman Subdivision, as the same is shown, depicted and delineated on a map or plat of said Subdivision prepared by Richard T. Logan, P.E., dated July 1, 1983[,] and filed for record in Plat File Cabinet “A” Slide Number A-163, of the Plat records of Adams County, Mississippi to which special reference is hereby made for all purposes.
 

 Being all and the same property conveyed by J.C. Passman and Marcia H. Passman unto Marlie R. Pevey and Vera A. Pevey by Deed dated the 19th day of August, 1983[,] and recorded in Deed Book 16-B at Page 168, of the Deed Records of Adams County, Mississippi.
 

 ¶ 3. Sullivan borrowed money from Con-seco Bank, Inc., to purchase the property.
 
 *401
 
 The loan was secured by a deed of trust on the aforementioned real property. Conse-co Bank, Inc., located at 2825 East Cottonwood Parkway, Suite 230, Salt Lake City, Utah 84121, assigned all its rights, title, and interest in the deed of trust to Conse-co Finance Servicing Corporation located at 1400 Turbine Drive, Rapid City, South Dakota 57703. On August 27, 2001, the land was sold by the Adams County tax collector in a tax sale to Mississippi Land Co., Inc., for delinquent ad valorem taxes for the year 2000.
 

 ¶ 4. Pursuant to Mississippi Code Annotated section 27-43-3 (Supp.2009), in 2003, the chancery clerk attempted to provide the owner(s) and lienholder(s) notification of the tax sale and their right of redemption. Section 27-43-3 states, in part, that:
 

 The clerk shall issue the notice to the sheriff of the county of the reputed owner’s residence, if he be a resident of the State of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county. Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.
 

 If said reputed owner is a nonresident of the State of Mississippi, then the clerk shall mail a copy of said notice thereto in the same manner as hereinabove set out for notice to a resident of the State of Mississippi, except that personal notice served by the sheriff shall not be required.
 

 Notice by mail shall be by registered or certified mail. In the event the notice by mail is returned undelivered and the personal notice as hereinabove required to be served by the sheriff is returned not found, then the clerk shall make further search and inquiry to ascertain the reputed owner’s street and post office address. If the reputed owner’s street or post office address is ascertained after the additional search and inquiry, the clerk shall again issue notice as hereinabove set out. If personal notice is again issued and it is again returned not found and if notice by mail is again returned undelivered, then the clerk shall file an affidavit to that effect and shall specify therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner’s street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sales record. If the clerk is still unable to ascertain the reputed owner’s street or post office address after making search and inquiry for the second time, then it shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner’s street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sale record....
 

 
 *402
 
 ¶ 5. On February 26, 2003, the Adams County Chancery Clerk, by certified mail, sent to Sullivan, what was styled “Notice of Forfeiture.” However, that notice, which was postmarked March 14, 2003, was returned not deliverable as addressed, unable to forward. That notice, as sent, reads:
 

 NOTICE OF FORFEITURE
 

 NO. 11434 2000
 

 STEPHENS GARRETT R.
 

 C/O FRANCIS SULLIVAN
 

 23 PASSMAN RD
 

 NATCHEZ MS 39120
 

 You will take notice that
 

 T & L BEING LOT 7 OF PASSMAN S/D
 

 20 O PG 464 49-52
 

 S/T/R BLOCK 07F
 

 PARCEL: 0137 0001 0007F
 

 RECEIPT NUMBER: 13407
 

 lands assessed to you or supposed to be owned by you, was, on 8/27/2001 [,] sold to MISSISSIPPI LAND COMPANY INC for the county taxes of 2000 and that the title to said land will become absolute in MISSISSIPPI LAND COMPANY INC unless redemption from said tax sale be made on or before 8/27/2003. Witness my hand and seal of office, this day of 2/26/2003.
 

 Thomas O’Beirne
 

 Adams County Chancery Clerk
 

 ¶ 6. A copy of this notice was sent by certified mail to Conseco Finance Service Corporation, 1400 Turbine Drive, Rapid City, South Dakota 57703. The returned delivery receipt indicates that Lana Aker signed for the letter on April 2, 2003. There is no evidence in the record indicating the identity of Aker or her association with Conseco Finance Service Corporation.
 

 ¶ 7. On July 14, 2003, and July 25, 2003, the clerk caused to be published in The Natchez Democrat, a public newspaper of the county, a description of the aforementioned property as land having been sold for delinquent county and city taxes for year 2000. The advertisement, as published, reads as follows:
 

 STEPHEN GARRETT R
 

 T & I BEING LOT 7 OF PASSMAN S/D
 

 20 O PG 464 49-52
 

 Bloc 07F
 

 Parcel 0137 0001 0007F 11434 Receipt 13407
 

 ¶ 8. On September 3, 2003, the chancery clerk then filed an affidavit indicating that further search and inquiry was conducted to locate and notify the owner(s) or lien-holder(s) of the tax sale and of the right of redemption. The affidavit indicated that additional efforts to locate and notify the owner(s) and lienholder(s) of their right to redemption included the following: mailed first notice to landowner, gave first notice to the sheriff, mailed first notice to lien-holder, checked the telephone directory, checked the city directory, checked with tax assessor, and checked old tax receipts.
 

 ¶ 9. After receiving no response from the landowner(s) or lienholder(s), on October 15, 2003, a tax deed was issued to Mississippi Land Co., Inc. On February 17, 2004, Mississippi Land Co., Inc., conveyed the property to Linda Kay Dukes by quitclaim deed. On April 30, 2004, Sullivan conveyed by a quitclaim deed her interest in the real property to Dukes. On July 9, 2004, Green Tree filed a complaint to set aside and void the tax sale. On February 14, 2008, at the conclusion of trial, the chancellor took the case under advisement. On February 25, 2009, the chancellor entered a final judgment deny
 
 *403
 
 ing relief to Green Tree and dismissing the complaint. Green Tree timely appealed.
 

 ISSUES
 

 Whether the trial court erred in failing to set aside a tax sale where no sheriffs notice was attempted. Whether the trial court erred in failing to set aside a tax sale where the lienholder’s notice was defective. Whether the trial court erred in failing to set aside the tax sale due to the chancery clerk’s failure to strictly follow the tax-sale-notification procedure.
 

 STANDARD OF REVIEW
 

 ¶ 10. “A chancellor’s findings will not be disturbed unless he was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.”
 
 Nichols v. Funderburk,
 
 883 So.2d 554, 557(¶ 7) (Miss.2004).
 

 ANALYSIS
 

 ¶ 11. While Green Tree has presented three assignments of error, the core issue before this Court is whether the tax sale was valid as to the lienholder. Green Tree contends that the tax sale should be held invalid and set aside because the clerk: (1) failed to provide personal service, (2) failed to strictly comply with tax-sale procedures, and (3) failed to mail the correct statutorily-proscribed notice. Green Tree asserts that the book and page number for the deed of trust or assignment and lienholder’s name were not found on the face of the notice.
 

 ¶ 12. Mississippi Code Annotated section 27-43-1 (Rev.2006) mandates that the chancery clerk provide notice “within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption” to those persons having an interest in real property sold for ad valorem taxes. The chancery clerk has an affirmative duty under Mississippi Code Annotated section 27-43-5 (Rev.2006) to examine the records of mortgages and deeds of trust maintained in his office, for a period of six years prior to the date of a tax sale and to identify lienhold-ers with an interest in any property which was sold for delinquent taxes. After conducting the search the chancery clerk uses a form and the language set out in section 27-43-5 to send to the lienholder of the real property sold delinquent taxes. That statutorily-mandated notice reads as follows:
 

 State of Mississippi, To_, County of_ You will take notice that_(here describe lands) assessed to, or supposed to be owned by_ was on the_day of_, 2_, sold to_ for the taxes of_(giving year) upon which you have a lien by virtue of the instrument recorded in this office in_Book_, page_, dated_, and that the title to said land will become absolute in said purchaser unless redemption from said sale be made on or before the _ day of May of 2_ This_day of_, 2_.. Chancery Clerk of_County, Miss.
 

 ¶ 13. “Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowner.” Br
 
 own v. Riley,
 
 580 So.2d 1234, 1237 (Miss.1991). “Any deviation from the statutorily mandated procedure renders the tax sale void.”
 
 Roach v. Goebel,
 
 856 So.2d 711, 716(¶ 29) (Miss.Ct.App.2003) (citing
 
 Hart v. Catoe,
 
 390 So.2d 1001, 1003 (Miss.1980)). In the present case, there is a clear deviation from the statutorily-mandated notice. The notice sent to the lienholder was merely a duplicate of that notice sent to the property owner. The notice, which was sent to the lienholder, did not state it was in fact intended for the lienholder, as opposed to having been sent in error. The notice was directed to R. Garrett Stephens, c/o Francis Sullivan. The notice did not identify any interest purportedly held by
 
 *404
 
 the lienholder in the property that was the subject of the notice. The notice did not indicate that Green Tree, or any other entity might hold or be the beneficiary of a deed of trust on the subject property. Nor did the notice identify the source of any interest purportedly held by the lienholder in the subject property. The notice did not state the date of any document creating an interest in the lienholder, nor did it state the book and page number where any document was recorded.
 

 ¶ 14. The statutorily-mandated notice is intended to without equivocation advise a party that he has a specific interest which requires his attention. The attempted notice in this case did not meet that test and is, therefore, invalid.
 

 ¶ 15. Because the chancery clerk failed to provide the lienholder with the statutorily-mandated notice, this Court is obligated to reverse and set aside the tax sale as it pertains to any interest in the subject property held by Green Tree.-
 

 ¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF ADAMS COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
 

 MYERS, P.J., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. LEE, P.J., CONCURS IN RESULT ONLY. IRVING, J., NOT PARTICIPATING.
 

 [1]
 

 . Green Tree Servicing, LLC has successor interest to Conseco Finance Servicing Corporation. Green Tree Financial Servicing, initially called Green Tree Acceptance, was sold to Conseco Finance Servicing Corporation. Conseco Finance Servicing Corporation later filed bankruptcy, and Green Tree Financial Servicing went back up for sale. Green Tree Financial Servicing was sold to investors who renamed the company Green Tree Financial Services. On June 9, 2003, Green Tree Financial Services was converted to Green Tree Servicing, LLC.