GRIFFIS, J.,
for the Court:
¶ 1. This case considers whether required statutory notice was provided for a tax sale to mature and a tax deed to be issued.
¶ 2. In 1998, Derrick and Sonja Whitlock executed a deed of trust for the benefit of Jim Walter Homes, Inc. The deed of trust granted a security interest in land that is located in Jones County and owned by the Whitlocks.
¶ 3. Jim Walter Homes assigned its deed of trust to First Union National Bank. First Union was the actual lienholder at all times relevant to this case. However, First Union assigned its deed of trust to Mid-State Trust VII and Wachovia Bank, which were the lienholders at the time this action was filed.
¶ 4. In 2003, the Whitlocks did not pay their 2002 ad valorem property taxes. The land was sold for taxes to Magnolia Investors, LLC. As required by law, the chancery clerk sent the Whitlocks and First Union statutory notice of the tax sale. However, neither the Whitlocks nor First Union exercised the right of redemption. Two years later, in 2005, the tax sale matured, and the chancery clerk issued a tax deed to Magnolia Investors. Magnolia Investors then conveyed title to Rebuild America.
¶ 5. Wachovia Bank and Mid-State filed suit in the Chancery Court of Jones County to set aside the tax sale and subsequent conveyances. Rebuild America, Inc. filed a responsive pleading. The parties agreed to a factual stipulation and submitted the case to the chancellor for a decision. The chancellor identified the issue to be decided as “whether or not the sale for 2002 Jones County ad valorem taxes was void as to the lienholder [Wachovia] ... for lack of proper notice of maturation pursuant to the provisions of Section 27-43-5 of the Mississippi Code ... and/or Rule 6 of the Mississippi Rules of Civil Procedure.” The chancellor entered an order that confirmed the tax sale.
¶ 6. On appeal, Wachovia and Mid-State argue that the chancellor was in error because the required statutory notice was not provided.
¶ 7. The issue presented is whether the tax sale was void because the chancery clerk failed to send the lienholder, First Union, adequate notice. Wacho-via and Mid-State argue that the notice was inadequate because it failed to identify the book, page number, and date the deed of trust was filed in the land records. In response, Rebuild America admits that the notice failed to identify the lien by book, page, and date, but these were simply minor technicalities. The chancellor confirmed the tax sale. The chancellor found that the notice substantially complied with the law and was, therefore, sufficient. This issue presents a question of law; we review questions of law on appeal de novo. Morgan v. West, 812 So.2d 987, 990 (¶ 8) (Miss.2002).
¶ 8. Mississippi Code Annotated section 27-43-5 (Rev. 2010) provides the form of notice to lienholders as follows:
*588 It shall be the duty of the clerk of the chancery court to examine the record of deeds, mortgages and deeds of trust in his office to ascertain the names and addresses of all mortgagees, beneficiaries and holders of vendors liens of all lands sold for taxes; and he shall, within the time fixed by law for notifying owners, send by certified mail with return receipt requested to all such lienors so shown of record the following notice, to-wit:
State of Mississippi, To County of-You will take notice that _ (here describe lands) assessed to, or supposed to be owned by _ was on the _ day of_, 2-, sold to_for the taxes of_ (giving year) upon which you have a lien by virtue of the instrument recorded in this office in _Book_, page_, dated_, and that the title to said land will become absolute in said purchaser unless redemption from said sale be made on or before the _day of May of 2_ This_day of_, 2-Chancery Clerk of _County, Miss.
(Internal quotations omitted).
¶ 9. The chancery clerk’s notice sent to First Union provided:
Notice of Forfeiture to Leinor
No. 35845 2002
First Union National Bank
230 South Tryon Street
Charlotte, NC 28288-1179
You will take notice that [property description] assessed to, or supposed to be owned by Whitlock Derrick M. [partially unreadable] on 8/25/2003 sold to Magnolia Investers [sic] LLC Wachovia Ban [sic] for the taxes [partially unreadable] 2002: upon which you have a lien by virtue of the instrument recorded in this office in Book_, page-, dated_, and that the title to said land will become absolute in said purchaser unless redemption from said sale be made on or before 8/25/2005. Witness by hand and seal of office, the day of 6/15/2005.
[signed by Deputy Chancery Clerk]
¶ 10. “Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners.” Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991). “Any deviation from the statutorily mandated procedure renders the [tax] sale void.” Roach v. Goebel, 856 So.2d 711, 716 (¶ 29) (Miss.Ct.App.2003) (citing Hart v. Catoe, 390 So.2d 1001, 1003 (Miss.1980)).
¶ 11. In Green Tree Servicing, LLC v. Dukes, 25 So.3d 399, 403-04 (¶¶ 13-15) (Miss.Ct.App.2009), this Court set aside a tax sale because the notice to the lienholder failed to state the book, page, and date within the notice. Id. at (¶ 13). Such is the case here. Even Rebuild America admits that the clerk failed to follow the specific requirements of section 27-43-5. Instead, Rebuild America argues that these were minor technicalities. The chancery clerk’s notice clearly deviated from the statutorily mandated notice. As did the Court in Dukes, we must “reverse and set aside the tax sale as it pertains to any interest in the subject property held by” the lienholder. Dukes, 25 So.3d at 404 (¶15).
¶ 12. Mississippi Code Annotated section 27-43-11 (Rev.2010) requires:
A failure to give the required notice to such lienors shall render the tax title *589 void as to such lienors, and as to them only, and such purchaser shall be entitled to a refund of all such taxes paid the state, county or other taxing district after filing his claim therefor as provided by law.
In SKL Investments, Inc. v. American General Finance, Inc., 22 So.3d 1247, 1250-51 (¶ 11) (Miss. Ct. App.2009), this Court stated that a tax-sale purchaser may elect its remedies. The Court ruled:
In the event that a tax sale is rendered void for improper notice to one lienholder, but not others, the purchaser is faced with two options. The purchaser may opt to retain the property subject to the lien of the improperly-noticed lienholder. Alternatively, the purchaser may opt to file a claim for a refund, thereby relinquishing all rights to the property. Among other variables, the purchaser’s decision will depend on the value of the property, the amount paid for the property, and the amount of the lien on the property.

Id.

¶ 13. Accordingly, on remand, Rebuild America may choose to either retain the property subject to the lien of Wachovia Bank and Mid-State or to relinquish its rights to the property and file a claim for a refund.
¶ 14. Rebuild America further argues that, should it choose to file a claim for a refund instead of retaining the property, it is entitled to statutory damages pursuant to Mississippi Code Annotated section 27-45-27(1) (Rev. 2010), which provides:
The amount paid by the purchaser of land at any tax sale thereof for taxes, ... and interest on the amount paid by the purchaser at the rate of one and one-half percent ... per month, or any fractional part thereof, and all expenses of the sale and registration, thereof shall be a lien on the land in favor of the purchaser ..., if the taxes for which the land was sold were due, although the sale was illegal on some other ground.
This section does not permit a purchaser to recover damages against a single lien-holder whose lien survived the tax sale because of inadequate notice. SKL Invs., 22 So.3d at 1251 (¶ 13). Therefore, on remand, Rebuild America is entitled to either retain the property subject to the lien or seek a refund pursuant to 27-43-11, nothing more.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF JONES COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.