FACTS AND PROCEDURAL HISTORY
 

 LEE, C.J.,
 

 for the Court:
 

 ¶ 1. This case involves the settling of the Estate of James Z. Boggan, who died in June 2008 in Hattiesburg, Mississippi. In his will, Boggan designated Stephenie Baggett, Scott Murphy, Randi Pace, and
 
 *629
 
 Cindy Hill as residuary beneficiaries of his estate. Baggett was designated executrix of Boggan’s estate.
 

 ¶ 2. Over the course of settling Boggan’s estate, Murphy filed numerous pro se pleadings in the Lamar County Chancery Court alleging various issues relating to the settling of Boggan’s estate. These issues included the following: (1) Murphy was entitled to funds from the property sold by Boggan several years prior to his death; (2) Baggett committed identity theft; (3) Murphy asked that the Estate’s attorney, Lester Clark, not be compensated for his work; (4) Murphy requested compensation for the pleadings he had filed; (5) Murphy requested reimbursement of various estate funds; and (6) Bag-gett should not be paid for acting as the executrix. The chancellor denied all of Murphy’s motions, finding specifically that there was neither any evidence of identity theft nor any evidence that funds or real property belonging to Boggan were not included in the accounting and inventory. The chancellor noted that Murphy was acting pro se; thus, he was not entitled to compensation for filing numerous motions, most of which, the chancellor noted, were outside the scope of the matter and superfluous. The chancellor also noted the extensive work performed by Clark and awarded him reasonable attorney’s fees.
 

 ¶ 3. The chancellor ultimately approved Baggett’s final accounting, authorized the payment of estate-associated expenses, ordered the final disbursement of estate funds, closed the estate, and dismissed Baggett as executrix.
 

 ¶ 4. Murphy now appeals, asserting the following issues: (1) the chancellor erred in dismissing forged documents submitted by Baggett; (2) the chancellor allowed Baggett to ignore an order to freeze the Estate’s account; (3) the chancellor erred in allowing a partial disbursement of funds before the final settlement; (4) the chancellor erred in forcing him to pay for Clark’s attorney’s fees; and (5) the chancellor erred in calculating the division of Boggan’s estate because he failed to consider a petition alleging identity theft committed by Baggett. We will address Issues I and V together. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 5. This Court applies a well-settled standard of review when considering a chancellor’s decision.
 
 SKL Inv., Inc. v. Am. Gen. Fin., Inc.,
 
 22 So.3d 1247, 1249 (¶ 4) (Miss.Ct.App.2009). “We will not disturb a chancellor’s findings unless they are manifestly wrong, clearly erroneous, or the chancellor applied an erroneous legal standard.”
 
 Id.
 
 We review a chancellor’s decision for an abuse of discretion.
 
 Creely v. Hosemann,
 
 910 So.2d 512, 516 (¶ 11) (Miss.2005). Questions of law are reviewed de novo.
 
 SKL Inv., Inc.,
 
 22 So.3d at 1249 (¶4).
 

 DISCUSSION
 

 ¶ 6. We first note that Baggett has failed to file a brief in this matter. This Court has long held that an appellee’s failure to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and the brief of the appealing party, that there was no error.
 
 Varvaris v. Perreault,
 
 813 So.2d 750, 752 (¶5) (Miss.Ct.App.2001) (citing
 
 Dethlefs v. Beau Maison Dev. Corp.,
 
 458 So.2d 714, 717 (Miss.1984)). “Automatic reversal is not required where [the] appellee fails to file a brief.”
 
 Id.
 
 (quoting
 
 N.E. v. L.H.,
 
 761 So.2d 956, 962 (¶ 14) (Miss.Ct.App.2000)). In order to merit reversal, “[t]he appellant’s argument ‘should at least create enough doubt in the judiciousness of the trial court’s judgment
 
 *630
 
 that this Court cannot say with confidence that the case should be affirmed.”
 
 Id.
 
 (citing
 
 Selman v. Selman,
 
 722 So.2d 547, 551 (¶ 13) (Miss.1998)). After considering the record and brief, we can say with confidence that there was no error.
 

 I. ALLEGATIONS OF FORGED DOCUMENTS AND IDENTITY THEFT
 

 ¶ 7. Murphy alleges that Baggett forged documents and committed identity theft during the proceedings to settle Bog-gan’s estate. The chancellor found that Murphy had failed to produce any evidence other than his assertions to support these allegations. After reviewing the record, we agree with the chancellor. Murphy has failed to support these allegations with any proof. These issues are without merit.
 

 II. ORDER TO FREEZE THE ESTATE’S ACCOUNT
 

 ¶ 8. Murphy argues that Baggett ignored the chancellor’s order to freeze the Estate’s account. During a motion hearing on March 6, 2009, the chancellor denied Murphy’s petition to freeze the Estate’s account except for approximately $82,000 in life-insurance proceeds in a local bank account. The chancellor also instructed Baggett to continue using the business account but to make a strict accounting in terms of expenditures. Murphy contends that the bank account was never frozen, only restricted. However, Murphy’s brief is unclear as to when or how Baggett may have accessed these funds contrary to the chancellor’s order. In fact, the only withdrawals from this account resulted from the disbursement ordered by the chancellor. This issue is without merit.
 

 III. PARTIAL DISBURSEMENT OF FUNDS
 

 ¶ 9. Murphy argues that the chancellor erred in allowing a partial disbursement of funds prior to the final settlement. Baggett received the authority from the chancellor to make a partial distribution of $5,000 to each heir from the Estate’s funds. Murphy’s argument is unclear as to why we should find the chancellor in error for authorizing this distribution. This issue is without merit.
 

 IV. ATTORNEY’S FEES
 

 ¶ 10. Murphy argues that he should not have to pay for Clark’s services out of his share of the estate. Murphy contends that Clark ultimately worked for Baggett and not Boggan’s estate. However, Murphy has failed to cite any applicable law to support his position. Furthermore, in awarding attorney’s fees to Clark, the chancellor noted the extensive work performed by Clark in working to settle Boggan’s estate. This issue is without merit.
 

 ¶ 11. THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.