932 So.2d 63 (2006)
Willie E. NORWOOD and Louciel G. Norwood, Appellants,
v.
John Michael MOORE, Appellee.
No. 2005-CA-00300-COA.
Court of Appeals of Mississippi.
May 30, 2006.
*64 John C. McLaurin, Brandon, attorney for appellants.
Ronald Henry Pierce, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On November 24, 2003, after Willie E. Norwood and Louciel G. Norwood, pursuant to a tax sale, obtained a tax deed against property John Michael Moore owned in Rankin County, Mississippi, Moore filed a complaint to set aside the tax deed. The Norwoods filed a counterclaim to acquire clear title to the property. On December 10, 2004, the Chancery Court of Rankin County set aside the tax deed obtained by the Norwoods. The Norwoods filed a motion to alter or amend judgment, but the chancery court held that Moore's failure to pay taxes should not deprive him of the land, and thus required Moore to pay all back taxes plus interest and reimburse the Norwoods for a survey conducted with respect to the property. Aggrieved by the chancellor's decision, the Norwoods appeal. Finding no error, we affirm.

FACTS
¶ 2. On June 15, 1998, Moore acquired fee simple title to property located in Rankin County, Mississippi through a quitclaim deed. The deed was recorded in the office of the Rankin County Chancery Clerk. However, the phone number and address of Moore (the grantee) on the deed were for some reason mistakenly reversed with the grantor's address/phone number. The address listed as Moore's on the deed was in Littleton, Colorado, while his actual address at the time was in Marion, Alabama. When the tax assessor attempted to assess the property subsequent to Moore's acquisition of the property, she used the Littleton, Colorado address. Consequently, Moore never received notice of the taxes due, nor paid the taxes on the property. When Moore failed to pay the 1999 taxes on the property, which were due and payable on January 1, 2000, the property was listed as delinquent in the Rankin County News. The property was then placed in a tax sale on Monday, August 28, 2000. Willie Norwood bought the property at the tax sale.
¶ 3. During the next two years, while the right of redemption was in effect, Norwood *65 continued to pay the taxes on the property. The property remained unredeemed, and Norwood received a tax deed for the property on May 21, 2003. The deed was recorded, and Norwood quit-claimed the property to himself and his spouse, Louciel G. Norwood, as joint tenants with the right of survivorship and not as tenants in common.
¶ 4. Following the tax sale, but prior to the expiration of the two year period for redemption, the chancery clerk, as required by Mississippi Code Annotated Section 27-43-1 (Rev.2002), put forth efforts searching for Moore in order to attempt to give him notice of the property's status and give him a chance to redeem the property. The chancery clerk, an eight-year veteran of the Rankin County Chancery Clerk's office, formerly employed in the Hinds County Clerk's office for fifteen years, testified that she mailed a certified letter to the Littleton, Colorado address; the letter was returned unclaimed. She next attempted to use the internet to find Moore and resent the letter to another Colorado address, which proved futile as well. She further searched the phone directory for Rankin County and the Jackson area, the Rankin County Tax Collector's office, the Rankin County Tax Assessor's office, the voter registration records of Rankin County, the tag division of the Rankin County Tax Collector's office, the telephone company's information department, the Rankin County Court Department, and the UCC files. When questioned at trial as to why she did not mail anything to the address listed for the grantor on the deed (which, because of the accidental reversal of names on the deed, was actually Moore's address), the chancery clerk replied that such was not the standard practice. Further issue was made as to why she failed to contact the attorney who prepared the deed, and she again stated that this also was not typically done. The attorney who prepared the deed was aware of Moore's correct address in Alabama. Despite the chancery clerk's efforts, Moore never received notice of his right of redemption on the property. Because the chancery clerk neither contacted the attorney who prepared the deed nor sent a letter to the address listed as the grantor on the deed, the chancellor found that she had not taken sufficient steps to comply with Mississippi Code Annotated Section 27-43-1 (Rev.2002). He thus set aside the tax deed in favor of Moore, stating that Moore's failure to pay the taxes should not deprive him of his land. He further ordered Moore to pay all back taxes, plus interest, as well as to reimburse the Norwoods for a survey conducted with respect to the property. Aggrieved, the Norwoods appeal.

STANDARD OF REVIEW
¶ 5. This Court will not disturb a chancellor's findings of fact when supported by substantial evidence, unless there is a reasonable certainty that the chancellor was manifestly wrong, applied an erroneous legal standard, or abused his discretion. Nosser v. B.P. Buford, 852 So.2d 57, 60(¶ 11) (Miss.Ct.App.2002) (citing Morgan v. West, 812 So.2d 987, 990(¶ 7) (Miss. 2002)). When dealing with questions of law, this Court applies a de novo standard and will only reverse for erroneous interpretation or application of law. Morgan, 812 So.2d at 990(¶ 8) (citing Bank of Mississippi v. Hollingsworth, 609 So.2d 422, 424 (Miss.1992)).

ISSUES AND ANALYSIS
¶ 6. Mississippi Code Annotated Section 27-43-1 (Rev.2002) requires the chancery clerk, within 180 days and not less than sixty days prior to the expiration of the time for right of redemption with *66 respect to the property sold through a tax sale, to issue notice to the record property owner. Mississippi Code Annotated Section 27-43-3 (Rev.2002) states, in pertinent part:
The clerk shall . . . mail a copy of [notice that property was sold through a tax sale] to the [record owner of the property sold] at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county. Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.
If said reputed owner is a nonresident of the State of Mississippi, . . . personal notice served by the sheriff shall not be required.
Notice by mail shall be by registered or certified mail. In the event the notice by mail is returned undelivered . . . , then the clerk shall make further search and inquiry to ascertain the reputed owner's street and post office address. If the reputed owner's street or post office address is ascertained after the additional search and inquiry, the clerk shall again issue notice as hereinabove set out. If . . . notice by mail is again returned undelivered, then the clerk shall file an affidavit to that effect and shall specify therein the acts of search and inquiry made by [her] in an effort to ascertain the reputed owner's street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sales record. If the clerk is still unable to ascertain the reputed owner's street or post office address after making such search and inquiry for the second time, then it shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by [her] in an effort to ascertain the reputed owner's street and post office address and said affidavit shall be returned as a permanent record in the office of the clerk and such action shall be noted on the tax record.

. . . . The failure of the landowner to actually receive the notice herein required shall not render the title void, provided the clerk and sheriff have complied with the duties herein proscribed for them.
Miss.Code Ann. § 27-43-3 (Rev.2002) (emphasis added).
¶ 7. "In Mississippi, it is public policy to favor and protect landowners from [sale of their land] for taxes." Lawrence v. Rankin, 870 So.2d 673, 676(¶ 13) (Miss.Ct.App.2004) (citing Carmadelle v. Custin, 208 So.2d 51, 55 (Miss.1968)). Further, we must strictly construe sections 27-43-1 and 27-43-3 (Rev.2002). Lawrence, 870 So.2d at 676(¶ 14). Failure of the chancery clerk to file the requisite affidavits renders a tax deed void. Id.
¶ 8. In the case sub judice, it is undisputed that, while the chancery clerk filed the first necessary affidavit required by Section 27-43-3, she failed to file the second required affidavit. Her failure to strictly adhere to the statute renders the tax deed void. The chancellor did not err, and we affirm his decision.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS *67 OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, BARNES AND ROBERTS, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, J., NOT PARTICIPATING.