973 So.2d 1017 (2008)
Napoleon MOORE, Appellant
v.
MARATHON ASSET MANAGEMENT, LLC, Appellee.
No. 2006-CA-01405-COA.
Court of Appeals of Mississippi.
January 29, 2008.
*1018 Paul E. Rogers, Jackson, attorney for appellant.
Hunter Fariss Crisler, attorney for appellee.
Before KING, C.J., CHANDLER, BARNES and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. The Chancery Court of the First Judicial District of Hinds County entered an order that quieted title to a piece of disputed property in the appellee, Marathon Asset Management, LLC. The chancery court found that the chancery clerk had followed proper procedures and refused to set aside the tax sale purchase by Marathon's predecessor in interest, Heartwood 88, Inc. Aggrieved, Napolean Moore appeals. He argues that the chancery court erred by failing to void Marathon's deed and set aside the tax sale. Alternatively, Moore argues that if the chancery court properly quieted title in .Marathon then it should have awarded him an equitable lien against the property in an amount equal to the value of the improvements he made to the property.
¶ 2. We find that the chancery court erred in finding that the chancery clerk had complied with the statutory requirements; therefore, we reverse the judgment of the chancery court and render judgment declaring the tax sale void.

FACTS
¶ 3. Edward Chapman failed to pay the ad valorem taxes owed on his property for the year 2000. This property is the subject of this dispute. Heartwood 88 bought the disputed property, which is located at 462 Downing Street, Jackson, Mississippi, at a tax sale on August 27, 2001. Following *1019 the tax sale, Chapman had two years to redeem the property, or the tax sale would be final and title would vest in the purchaser at the tax sale.
¶ 4. As of 180 days before the expiration of the period of redemption, Chapman was the owner of record. On May 27, 2003, the chancery clerk sent notice to Chapman via certified mail of the upcoming expiration of the redemption period, but it was returned unclaimed. Thereafter, on July 15, 2003, the sheriff also visited the property to personally deliver notice to Chapman, but he did not locate him. These were the only methods of noticing Chapman contained in the record. There was nothing to indicate that the chancery clerk attempted to discover the whereabouts of Chapman or to try to send notice again at a later date.
¶ 5. At the time the sheriff attempted to deliver notice to Chapman, the property was actually owned by Napolean Moore. At a foreclosure sale on June 13, 2003, only seventy-six days prior to the expiration of the equity of redemption, Moore paid $27,330.40 for the property that had been foreclosed on by Lasalle Bank National Association, a creditor of Chapman's. The foreclosure sale was properly noticed in The Clarion-Ledger for four consecutive weeks. Moore testified that he invested $19,011.47 in renovating the property and then rented it to a tenant.
¶ 6. Unfortunately, prior to making the purchase at the foreclosure sale, Moore did not conduct a title search on the property. Therefore, he did not learn about the tax sale or the period of redemption set to expire on August 27, 2003. Moore never learned of the tax sale until some time in 2004. Thereafter, he recorded his deed to the property on August 31, 2004, and filed suit to quiet title to the property or to receive repayment of the amount spent improving the property.
¶ 7. The chancery court found that the chancery clerk had complied with the necessary statutory notice requirements and quieted title in Marathon. The chancery court noted that Moore was not the owner of record as of 180 days prior to the expiration of the redemption period, so he was not entitled to notice. Regarding Moore's claim for the value of improvement to the property, the chancery court found that it could not impose an equitable lien against Marathon's property.

STANDARD OF REVIEW
¶ 8. This Court will not reverse the decision of a chancery court unless that decision was manifestly wrong, clearly erroneous, or if the chancellor applied an incorrect legal standard. Nichols v. Funderburk, 883 So.2d 554, 556 (¶ 7) (Miss. 2004). However, we will review a question of law under a de novo standard. Id.

ANALYSIS OF ISSUES
¶ 9. Moore's argument is that the chancery court erred by finding the chancery clerk complied with the statutory notice requirements and by quieting title to the disputed property in Marathon. He claims that the clerk did not file the necessary affidavits detailing the steps she took to find the owner; therefore, the chancery court should have declared the tax sale to be void.
¶ 10. The issue presented by Moore becomes complicated in a number of ways. First, while Moore was the owner of the disputed property when the period of redemption expired, he was not the owner of record 180 days before the expiration as provided for by Mississippi Code Annotated section 27-43-1 (Rev. 2006). Even though Moore may not have been entitled to notice under section 27-43-1, the record does not reflect that the *1020 chancery clerk followed all the notice procedures required by Mississippi Code Annotated section 27-43-3 (Rev.2006). Furthermore, prior to purchasing the property at foreclosure sale, Moore did not conduct a title search that would have alerted him to the tax sale and the pending expiration of the period of redemption.
¶ 11. We must first determine whether the chancery clerk complied with the notice requirements. If she did not, the issue becomes whether Moore, even though he was not the owner of record and was owed no notice, had the right to assert that the chancery clerk failed to comply with the notice requirements of section 27-43-3.
¶ 12. We begin by looking at the notice requirements for which the chancery clerk was responsible. Section 27-43-1 provides that the chancery clerk must give notice of the pending expiration of the time for redemption to the owner of record as of 180 days prior to the expiration. The chancery clerk must give notice by certified mail, personal service via the sheriff, and publication in an appropriate newspaper. Miss.Code Ann. § 27-43-3. In applying section 27-43-3, we have recently held that the statute requires the clerk to give notice to the landowner by each of these three methods. Viking Invs., LLC v. Addison Body Shop, Inc., 931 So.2d 679, 681 (¶ 5) (Miss.Ct.App.2006) (quoting DeWeese Nelson Realty, Inc. v. Equity Servs. Co., 502 So.2d 310, 312 (Miss.1986)).
¶ 13. If notice by certified mail and personal service are ineffective, section 27-43-3 lists the following additional steps that the clerk must follow:
In the event the notice by mail is returned undelivered and the personal notice as hereinabove required to be served by the sheriff is returned not found, then the clerk shall make further search and inquiry to ascertain the reputed owner's street and post office, address. If the reputed owner's street or post office address is ascertained after the additional search and inquiry, the clerk shall again issue notice as hereinabove set out. If personal notice is again issued and it is again returned not found and if notice by mail is again returned undelivered, then the clerk shall file an affidavit to that effect and shall specify therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sales record. If the clerk is still unable to ascertain the reputed owner's street or post office address after making search and inquiry for the second time, then it shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sale record.
Miss.Code Ann. § 27-43-3. Failure of the owner to receive the notice will not render the title void so long as the clerk and sheriff complied with the notice requirements. Miss.Code Ann. § 27-43-3.
¶ 14. Mississippi's long-standing public policy is to protect landowners from loss by sale of their land for taxes. Carmadelle v. Custin, 208 So.2d 51, 55 (Miss. 1968). Section 27-43-3 reflects this policy by providing that "[s]hould the clerk inadvertently fail to send notice as prescribed in this section, then such sale shall be void. . . ." Under this guidance, we have held that the statutory notice requirements *1021 of section 27-43-3 must be strictly construed in favor of landowners. Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991); Norwood v. Moore, 932 So.2d 63, 66 (¶ ¶ 7-8) (Miss.Ct.App.2006); Lawrence v. Rankin, 870 So.2d 673, 676 (¶ ¶ 13-14) (Miss.Ct. App.2004); Roach v. Goebel, 856 So.2d 711, 716(¶ 29) (Miss.Ct.App.2003). "Any deviation from the statutorily mandated procedure renders the sale void." Roach, 856 So.2d at 716(¶ 29) (citing Hart v. Catoe, 390 So.2d 1001, 1003 (Miss.1980)).
¶ 15. Regarding the notice requirements found in section 27-43-3, there is nothing in the record to suggest that the chancery clerk took any steps beyond mailing notice and sending the sheriff to the property to deliver notice. According to section 27-43-3, the clerk was also required to publish notice in the newspaper. Also, because the certified mail was returned unclaimed and the sheriff did not find the owner, the clerk was required to conduct additional search and inquiry and file two affidavits detailing her efforts to locate the owner. Lawrence, 870 So.2d at 676 (¶ ¶ 13-14); Norwood, 932 So.2d at 66(¶ 8). From the record before us, it does not appear that the clerk filed any such affidavits. There were neither any affidavits in evidence nor any notations in the tax sale record that any affidavits had been filed. Based on our recent decisions, we find that it was clearly erroneous for the chancellor to conclude that the clerk complied with all the statutory notice requirements, even though she had not filed the supporting affidavits.
¶ 16. Having determined that the chancery clerk failed to comply with the notice requirements, we now determine whether Moore was the proper party to assert that claim. As we have pointed out, under section 27-43-3, the tax sale may be valid despite the owner never receiving notice. However, the chancery clerk must have complied with the statutory requirements for the tax sale to be valid. In this case, the owner did not receive notice, and the clerk did not fully comply with the statute. Taking these facts into account, we must determine whether Moore could challenge the validity of the tax sale to Marathon when he was not the owner of record nor entitled to any notice.
¶ 17, Mississippi has very liberal standing requirements. Dunn v. Miss. State Dep't of Health, 708 So.2d 67, 70(¶ 9) (Miss.1998). "In Mississippi, parties have standing to sue `when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law.'" State v. Quitman County, 807 So.2d 401, 405(¶ 11) (Miss.2001) (quoting Fordice v. Bryan, 651 So.2d 998, 1003 (Miss.1995)).
¶ 18. To determine if Moore had standing to bring this claim, we must determine whether he had an interest in the disputed property. A debtor retains legal title to property until default. Anderson v. Kimbrough, 741 So.2d 1041, 1047(¶ 22) (Miss.Ct.App.1999). After default, the mortgagee gains title and right to possession. Id. However, the mortgagee holds title subject to the debtor's equity of redemption. Id. After a foreclosure sale, "the debtor is divested of all legal and equitable interest in the foreclosed property." In re Applewhite, 106 B.R. 468, 469-70 (Bankr.S.D.Miss.1989); Anderson, 741 So.2d at 1047(¶ 22). Therefore, upon foreclosure, Chapman lost title to the property, and once the property was sold he lost his only remaining interest in the property, the right to redeem it prior to sale. While Chapman was the owner of record 180 days before the expiration of the redemption period, he no longer held title to the property nor any interest in the property when the redemption period expired.
*1022 ¶ 19. In the present case, Moore was the one who purchased the disputed property at the foreclosure sale. As a purchaser at a foreclosure sale, Moore stepped into the shoes of the mortgagee, LaSalle Bank. See Wirtz v. Gordon, 187 Miss. 866, 877, 184 So. 798, 802 (1938) (citing Romig v. Gillett, 187 U.S. 111, 117, 23 S.Ct. 40, 47 L.Ed. 97 (1902)). This gave Moore an interest in the property because, upon purchasing it at foreclosure, he took title to the property.
¶ 20. Moore had a colorable interest in the disputed property, and he was also adversely affected by Marathon's claim to the title of the property. This was sufficient to give him standing to assert his claims at trial. Furthermore, at the conclusion of the foreclosure sale, neither Chapman nor LaSalle Bank had any remaining interest in the property. Chapman no longer had any rights in the property after it was sold at foreclosure, and LaSalle transferred title to Moore following the sale.
¶ 21. While Moore was not the owner of record and was not entitled to any notice, he gained an interest in the disputed property prior to the expiration of the redemption period. We find this was sufficient to give him standing to bring his claim to challenge the validity of the tax sale. Ultimately, regardless of the fact that Moore was not the party entitled to notice, the chancery clerk did not follow the proper procedures by submitting the necessary affidavits. Based on a strict application of section 27-43-3 and our recent decisions in Lawrence and Norwood, we find that the failure to file supporting affidavits renders this tax sale void.
¶ 22. Because we reverse the chancery court's judgment and render judgment declaring the tax sale to Heartwood and the subsequent transfer of title to Marathon void, we do not address Moore's alternate claim of reimbursement for the costs of purchasing and improving the property.
¶ 23. THE JUDGMENT OF THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED AND JUDGMENT IS RENDERED DECLARING THE TAX SALE VOID. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.