GRIFFIS, P.J.,
for the Court:
¶ 1. Borrego Springs Bank, N.A. filed suit to hold the tax deed issued by the City of Bruce, Mississippi void and declare Bor-rego’s property to be free of any encumbrances. The circuit judge declared the tax sale void because the City had failed to met the statutory notice requirements under Mississippi Code Annotated section 27-43-3 (Rev.2010). On appeal, the City argues the circuit judge erred because the required notice was substantially provided. We find no error and affirm.
FACTS
¶ 2. Borrego was a first position lien-holder on property owned by Skuna River, LLC. Skuna filed for bankruptcy shortly after Borrego financed the property purchase. The ad valorem taxes outstanding on the land were listed in the bankruptcy schedule. The bankruptcy court auctioned the land once owned by Skuna, and Borre-go bought the land free and clear of all liens.
¶ 3. After Borrego purchased the property, the City went forward with a tax sale of the property on August 28, 2006, during the bankruptcy period. After the tax sale on September 1, 2006, Skuna issued a deed transferring the property to Borrego, which filed the deed.
¶ 4. The City concedes that prior to the expiration of the redemption period it did not publish notice of the sale in a public newspaper in the county in which the land was located. However, Borrego did receive a certified letter stating the redemption period was nearing expiration. Borre-go filed for summary judgment declaring the tax sale void because the notice requirements of section 27-43-3 had not been met. The circuit judge granted the motion for summary judgment based on the City’s failure to comply with the notice requirements of section 27-43-3, and there by rendering the tax sale void.
STANDARD OF REVIEW
¶ 5. The standard of review of an order granting summary judgment is de novo. PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 49 (¶ 8) (Miss.2005) (citing Hurdle v. Holloway, 848 So.2d 183,185 (¶ 4) (Miss.2003)). It is well settled that “[a] summary judgment motion is only properly granted when no genuine issue of material fact exists. The moving party has the burden of demonstrating that no genuine issue of material fact exists within the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits.” Id. (internal citations and quotations omitted).
¶ 6. Further, when an appeal concerns property sold in a tax sale, this Court has held: “Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners.” Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991). “Any deviation from the *61 statutorily mandated procedure renders the sale void.” Roach v. Goebel, 856 So.2d 711, 716 (¶ 29) (Miss.Ct.App.2003) (citing Hart v. Catoe, 390 So.2d 1001, 1003 (Miss.1980)).
ANALYSIS
¶ 7. The issue is whether the circuit court erred in granting summary judgment declaring the tax sale void based on the City’s failure to comply with the notice requirements of section 27-43-3. The City argues it substantially complied with the statutory requirements, and Borrego received actual notice. Borrego argues the statute is clear and must be strictly construed and that failure to comply with each of the notice requirements renders the tax sale void.
¶ 8. Section 27-43-3 provides:
The clerk shall issue the notice to the sheriff of the county of the reputed owner’s residence, if he be a resident of the State of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and, address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county. Such publication shall be made at least forty-five (4-5) days prior to the expiration of the redemption period. If said reputed owner is a nonresident of the State of Mississippi, then the clerk shall mail a copy of said notice thereto in the same manner as hereinabove set out for notice to a resident of the State of Mississippi, except that personal notice served by the sheriff shall not be required.
[[Image here]]
The failure of the landowner to actually receive the notice herein required shall not render the title void, provided the clerk and sheriff have complied with the duties herein prescribed for them. Should the clerk inadvertently fail to send notice as prescribed in this section, then such sale shall be void and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid.
(Emphasis added).
¶ 9. “Section 27-43-3 requires redemption notice to be given by personal service, by mail, and by publication in an appropriate newspaper.” DeWeese Nelson Realty, Inc. v. Equity Servs. Co., 502 So.2d 310, 312 (Miss.1986). All three requirements must be met for the redemption notice to be complete and in accordance with the statute. Id.
¶ 10. In Moore v. Marathon Asset Management, LLC, 973 So.2d 1017, 1021 (¶ 15) (Miss.Ct.App.2008), this Court held the chancery court clerk failed to meet the statutory notice requirements, and the tax sale was void. In Moore, the clerk sent notice via certified mail, but the record failed to show notice published in the county newspaper. Id.
¶ 11. Here, the record is clear the municipal clerk failed to publish the redemption notice in the county newspaper forty-five days before the redemption period expired. The City does not dispute its failure to publish notice in the county *62 newspaper. Because of the failure to publish the redemption notice, the statutory notice requirement was not met.
¶ 12. We must strictly construe the notice statutes in favor of the landowners. Accordingly, we find that the circuit judge did not err as a matter of law by voiding the tax sale as the municipal clerk did not comply with the statutory notice requirements.
¶ 13. THE JUDGMENT OF THE CALHOUN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.