NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0093

DENNIS THOMAS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment rendered: **NOV 0 9 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C685062, Sec. 26

The Honorable Richard "Chip" Moore, Judge Presiding

* * * * *

Dennis D. Thomas
Louisiana State Penitentiary
Angola, Louisiana

In Proper Person/Appellant

Heather C. Hood
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

* * * * *

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**HOLDRIDGE, J.**

Petitioner, Dennis Thomas, an inmate in the custody of the Department of Public Safety and Corrections (the Department), appeals a judgment of the district court dismissing his petition for judicial review of ARP No. LSP-2019-0620. For the reasons that follow, we affirm.

## DISCUSSION

On March 16, 2019, while incarcerated at Louisiana State Penitentiary, Thomas was sprayed with a chemical agent by Captain Jerry Stout for fighting with another inmate in their cell and ignoring direct verbal orders to stop. Once the offenders complied and were separated, Thomas was seen by medical personnel and then placed in the shower for decontamination.

Thereafter, Thomas filed ARP No. LSP-2019-0620, alleging the decontamination procedure constituted cruel and unusual punishment in violation of his constitutional rights. Thomas sought declaratory relief and punitive, compensatory, and nominal damages. The ARP proceeded through administrative review and was denied. On July 8, 2019, Thomas filed a *pro se* petition for judicial review of ARP No. LSP-2019-0620 in the Nineteenth Judicial District Court. The matter was assigned to a commissioner for evaluation and to make a recommendation to the district court judge.[1]

On September 20, 2019, after screening the petition, the commissioner issued a report recommending that the petition be dismissed with prejudice because the Department's decision to deny relief was not arbitrary, capricious, or manifestly erroneous, nor was it in violation of Thomas's statutory or

---

[1] The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); see **Martinez v. Tanner**, 2011-0692 (La. App. 1 Cir. 11/9/11), 79 So.3d 1082, 1084 n.3, writ denied, 2011-2732 (La. 7/27/12), 93 So.3d 59.

2

constitutional rights. Further, the commissioner noted the Nineteenth Judicial District Court was an improper venue for Thomas's claims for monetary damages.

On November 6, 2019, after a *de novo* review of the record, the district court signed a judgment that adopted the commissioner's report as its reasons and dismissed Thomas's appeal with prejudice for failure to state a cause of action upon which relief may be granted. From this judgment, Thomas appeals.

We find the commissioner's recommendation, which we adopt herein and attach as "Appendix A," provides a correct analysis of the applicable law regarding Thomas's claim. Accordingly, after a thorough *de novo* review of the record, we conclude that the district court properly adopted the commissioner's report and dismissed Thomas's petition for judicial review. We note that the district court judgment includes language stating that the appeal was dismissed due to a failure to raise a cause of action upon which relief may be granted; however, the basis for the dismissal of the appeal was, as the commissioner's report states, that the Department's decision to deny relief was not arbitrary, capricious, or manifestly erroneous, nor was it in violation of Thomas's statutory or constitutional rights.

## CONCLUSION

We issue this summary opinion in accordance with Uniform Rules-Louisiana Courts of Appeal, Rule 2-16.2(A)(5), (6), (7), (8) and (10). The November 6, 2019 judgment of the district court dismissing the petition of Dennis Thomas is hereby affirmed. No costs are assessed in this pauper suit.

**AFFIRMED.**

3

# "Appendix A"

EAST BATON ROUGE PARISH
Filed Sep 20, 2019 5:08 PM
Deputy Clerk of Court
C-685062
26

| | |
|---|---|
| DENNIS THOMAS<br>DOC#533237 | NUMBER: 685,062  SECTION 26 |
| | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | |
| | PARISH OF EAST BATON ROUGE |
| DEPARTMENT OF CORRECTIONS,<br>ET AL. | STATE OF LOUISIANA |

## COMMISSIONER'S REPORT

Petitioner, an inmate in the custody of the Department of Public Safety and Corrections, filed this petition for judicial review of ARP No. LSP-2019-0620, seeking review in accordance with R.S. 15:1171, *et seq.* Petitioner states that he seeks the "sane relief as requested in [his] initial ARP request,"[1] which is declaratory, punitive, compensatory and nominal damages.[2] Upon receipt of service, the Department filed an Answer inclusive of the administrative record, which has been accepted and marked as Exhibit A *in globo.* This report is issued on the record alone for the Court's *de novo* consideration and adjudication of the merits of the Petitioner's claim for relief.

## ANALYSIS OF THE FACTS AND LAW

The scope of this Court's review is limited by R.S. 15:1177(A)(5) & (9), which states, in pertinent part, as follows:

"(5)   The review shall be conducted by the Court without a jury and shall be confined to the record. The review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level.

(9)   The court may reverse or modify the decision **only if substantial rights of the appellant have been prejudiced** because the administrative findings, inferences, conclusions or decisions are:

a.   In violation of constitutional or statutory provisions;

b.   In excess of the statutory authority of the Agency;

c.   Made upon unlawful procedure;

d.   Affected by other error of law;

e.   Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or

f.   Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record."

Petitioner seeks declaratory, punitive, compensatory and nominal damages for allegedly not receiving medical attention after being exposed to chemical agents.[3] According to the record, Petitioner was sprayed with a chemical agent for fighting with another offender

---

[1] See Petition for Judicial Review § V. Relief at p. 4.
[2] See Request for Administrative Remedy attached to the Department's Answer filed on September 12, 2019.
[3] See *supra* notes 1 and 2. See also note 1 at §. IV. Statement of Claim, p. 3.

19th JUDICI 6 4 STRICT COURT

4

and failing to follow orders.[4] Petitioner filed an initial grievance, which was denied at both the first and second steps. Thereafter, he filed the instant Petition for Judicial Review, claiming the following:

> Petitioner alleges that the decontamination procedure in place at [LSP] results in unnecessary pain and suffering. Petitioner alleges that he was not provided medical attention nor was [he] allowed to flush the chemicals from his eyes. Petitioner alleges that he was locked inside of a shower stall and had to use water from the shower nozzle to rinse the mace from his head, face and neck area.[5]

In its Answer, the Department states that Petitioner's "ARP was properly denied" because he "received proper medical treatment and decontamination."[6]

LSP Directive No. 09.002 (C) (20) (a) (1) reads "when chemical agents...have been used affected individuals will be permitted to wash their face, eyes or other exposed skin areas, as soon as possible after the situation has been brought under control, and the individual will be examined by qualified medical personnel."[7] The first step response stated that Petitioner was "removed from the cell and escorted to the shower for decontamination [, and was] then seen by EMT."[8] The Secretary of the Department completed an amended second step response to address Petitioner's medical complaint, stating therein

> **When medical staff responded** to the security staff's request for them to report to [Petitioner's] housing unit, **they witnessed [Petitioner] standing in [his] cell, refusing to come to the bars to be restrained; [Petitioner's] action (refusing to come to the cell bars in order to be restrained) delayed [his] medical assessment to begin;** security staff issued several more verbal orders in an attempt to get [Petitioner] to comply, [but he] continued to refuse; [Petitioner] eventually laid on the floor, exposed [his] genitals and became compliant; the medical staff was then able to begin [the] medical assessment. The medical staff noted at the beginning of [the] assessment that [Petitioner] ambulated with normal gait; [his] pupils were equal and reactive to light (PEARL); a ¼ inch superficial laceration, no active bleeding was noted to [Petitioner's] occipital region; [Petitioner] then began to curse the medical staff in a hostile manner; security staff was notified of [his] actions; **medical staff then wrote that [Petitioner] had no other visible signs/symptoms of trauma;** based on the results of [the] assessment, [Petitioner] was not transported to the ATU; medical staff noted that security staff arrived and escorted [Petitioner] to the Tiger Unit. Medical opinion is controlling. A review of the Unusual Occurrence Report indicated that after **[Petitioner] w[as] seen by medical staff,** [he] w[as] escorted to the Tiger Unit and placed in the shower for decontamination (washing of [his] face, eyes, body, etc.).[9] (Emphasis added.)

The burden of proof in any civil administrative appeal is with the Petitioner. Here, contrary to Petitioner's claims, review of the administrative record clearly shows that he received medical attention and was allowed to decontaminate in accordance with LSP Directive 09.002 after being exposed to the chemical agent. In view of those facts, this Commissioner finds that the Department's decision is rationally based, especially in light of

---

[4] See the Department's Answer at ¶ 3.
[5] See supra note 1 at §. IV. Statement of Claim, p. 3.
[6] See supra note 4 at ¶ 4.
[7] See LSP Directive 09.002 attached to the Department's Answer.
[8] See First Step Response From, Case Number: LSP-2019-0620, dated 5/1/19, attached to the Department's Answer.
[9] See Amended Second Step Response Form, Case Number: LSP-2019-0620, dated 8/31/19, attached to the Department's Answer.

2

the Petitioner's failure to provide any evidence in his petition that shows the final agency decision was arbitrary, capricious or manifestly erroneous pursuant to R.S. 1177(A) (5) & (9). Without any evidence in support of his claim, this Court is bound by law to affirm the Department's decision based on the administrative record submitted. Additionally, Petitioner's claims for punitive, compensatory and nominal damages should also be dismissed because such claims must be filed as ordinary suits in the parish of the prison to which the Petitioner was assigned when the cause of action arose. Hence, the 19th Judicial District Court is an improper venue for Petitioner's monetary damages claims. If the Court agrees with this analysis, my formal recommendation follows.

## COMMISSIONER'S RECOMMENDATION

Having carefully reviewed the administrative record herein and the law applicable, it is the recommendation of this Commissioner that the Department's decision in ARP No. LSP-2019-0620 to deny relief is not arbitrary, capricious, or manifestly erroneous nor was it in violation of the Petitioner's statutory or constitutional rights. Therefore, I recommend affirming the Department's decision and dismissing this appeal with prejudice, at the Petitioner's costs.

Respectfully recommended this 20th day of September 2019, in Baton Rouge, Louisiana.

KINA T. KIMBLE
COMMISSIONER, SECTION B
NINETEENTH JUDICIAL DISTRICT COURT