# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00312-COA

GREGORY LEE HUNTER, JACQUELYN                  APPELLANTS
MARIE HUNTER, MINDY MALAIKA HUNTER
AND JACQUELYN MARIE HUNTER, AS
ADMINISTRATRIX OF THE ESTATE OF
MINNIE PEARL HICKS HUNTER

v.

DONALD WAYNE McCOY, SR.                       APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/14/2024 |
| TRIAL JUDGE: | HON. CHARLES E. SMITH |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JAMES A. WILLIAMS |
| ATTORNEY FOR APPELLEE: | ROBERT M. DREYFUS JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND REMANDED - 05/12/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     This is an appeal from an order granting summary judgment in favor of the Appellee, Donald Wayne McCoy Sr., in an action to confirm and quiet title to three parcels of land he purchased at a tax sale. Upon conducting a de novo review of the record, we hold that the statutory notice requirements for redemption were not met. Therefore, we reverse the judgment and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.     On August 31, 2020, Donald Wayne McCoy Sr. purchased three parcels of land under

the ad valorem 2019 tax year, giving him a statutory lien over three parcels of land. The sale was recorded in the Chancery Court of Lauderdale County and had a redemption period of two years. On November 3, 2022, McCoy requested tax deeds for each parcel of land, and three deeds were subsequently issued and recorded. On April 5, 2023, McCoy filed a complaint to confirm the tax sale and quiet title against all persons or entities claiming an interest in and to the property, including the children of Minnie Hunter, the last known record owner: Gregory Lee Hunter, Jacquelyn Marie Hunter, Eugene Hunter Jr., and Mindy Malaika Hunter. The children answered the complaint on August 10, 2023. On November 15, 2023, McCoy filed a motion for summary judgment. On February 8, 2024, the chancery court held a hearing.

### A.    The Estate of Minnie Hunter

¶3.    Minnie Hunter, the record owner of the land parcels at the time of the sale, died intestate on February 1, 2022. Her three children survived her: Gregory Lee Hunter, Jacquelyn Marie Hunter, and Mindy Malaika Hunter. Eugene Hunter Jr. had passed away prior to the tax sale of the land. All three living children worked at the family-owned dental office, Hunter Dental Clinic, an after-hours clinic in Meridian. Following Minnie's death, the chancery court clerk attempted to notify all known heirs of their right to redeem the land. The heirs were required to pay a total of $2,592.82, plus court costs, bringing the total payment to around $3,000 to redeem the property.  However, the Estate of Minnie Pearl Hicks Hunter did not officially open until March 3, 2023.[1] Further, the chancery court did not

---

[1] The Estate was opened in case number 1:23-cv-00183 in the Lauderdale County Chancery Court.

officially recognize Minnie's living children as her heirs at law until August 29, 2023, one year after the redemption period ended.

## B. The Notices

¶4. During the hearing, McCoy presented evidence showing that a deputy clerk had sent a notice of redemption by certified mail, published notice in *The Meridian Star* newspaper, and had the sheriff post notices to all heirs at their residences. In her initial affidavit to the court, the clerk stated that she mailed the required notice of forfeiture to Minnie Pearl Hunter and Eugene Hunter Sr. on April 4, 2022, by certified mail from the United States Postal Service.[2] The notices were sent to the family's dental office. A signed confirmation of receipt was provided by Mindy on April 18, 2022. No other certified mail returns were filed in the clerk's office concerning any other notices.

¶5. A second notice of forfeiture was issued by the clerk on June 1, 2022, and addressed to the "Hunter Minnie Pearl Estate." Unlike the first attempt, five separate notices were sent to the Minnie Pearl Hunter Estate, c/o Gregory Hunter, Jacquelyn Hunter Moore, Mindy Hunter, and Eugene Hunter Jr. The clerk sent notices to Gregory at 8650 Mary Lane, Meridian; to Jacquelyn at 8651 Mary Lane, Meridian; to Mindy at 8680 Mary Lane, Meridian; and to Eugene Jr. at 1119-B John C. Stennis Drive, Lauderdale.[3] McCoy argued

---

[2] Eugene Hunter Sr. was Minnie's husband, who predeceased her.

[3] 1119-B Stennis Drive was Minnie's former address. The Mary Lane addresses are the residences of Gregory, Mindy, and Jacquelyn. The heirs stated in their affidavits to the court that their mother had not lived in her former home at 1119-B John C. Stennis Drive, Lauderdale, for about a year and a half before her death due to sickness and old age. The children also indicated that they believed Minnie had lost the home before her death due to foreclosure.

that the Hunters received the notices and alleged that several phone calls were made after the notices were distributed to inquire about the tax amounts owed for each parcel. During the hearing, the clerk stated that she provided the Hunters with a spreadsheet that included the Property Identification Numbers (PINs), property addresses, and amounts due for each parcel of land in response to the Hunters' phone calls.

¶6. Following the second notice of forfeiture, Constable Tommie Coker filed process returns indicating that on June 10, 2022, he posted the redemption notices at all five of the addresses noted above. Coker's returns indicated that he "was unable to find" "Hunter Estates" or any of the four children. As a result, in each instance he posted the notices "on a door of the reputed owner's usual abode." The clerk sent the notices as follows:

> **Parcel One (1000/ 27552)**
> Delivered to dental office: 4/18/2022 (CP 91; 109-110)
> Posted on heirs' property: 06/10/2022 (CP 111-120)
> Mailed by certified mail: 4/04/2022 (CP 92-96)
> Published in newspaper: 07/05/2022 (CP 92-96)
> **Parcel Two (1200/ 27556)**
> Delivered to dental office: 4/18/2022 (CP 103; 137-138)
> Posted on heirs' property: 06/10/2022 (CP 139-148)
> Mailed by certified mail: 4/04/2022 (CP 104-108)
> Published in newspaper: 07/05/2022 (CP 104-108)
> **Parcel Three (1100/ 27555)**
> Delivered to dental office: 4/18/2022 (CP 97; 121-122)
> Posted on heirs' property: 06/10/2022 (CP 125-134)
> Mailed by certified mail: 4/04/2022 (CP 99-102)
> Published in newspaper: 07/05/2022 (CP 99-102)

¶7. Mindy stated in her affidavit that she never signed certified mail receipts from the post office and provided her signature, which differed from the signature on the certified mail receipts, at the bottom of her affidavit in the presence of her attorney and a notary. Further,

4

she explained that she never received notices to her home at 8680 Mary Lane, Meridian, nor had she contacted the chancery clerk's office about the tax sales. Moreover, she argued that the clerk failed to provide the required affidavits, as no affidavit indicated that the deputy or clerk made an effort to locate Jacquelyn. In a sworn statement, Jacquelyn testified that she never received certified mail notices regarding the redemption of any parcels of land sent to her address at 8651 Mary Lane, Meridian. She also stated that on the days the constable claimed he visited the dental office, all her siblings were working, as they worked twelve-hour shifts and did not recall seeing the constable there. In his affidavit, Gregory represented that he never received any notices, postings, or other communications from the clerk to his home at 8650 Mary Lane, Meridian.

¶8.     On February 14, 2024, the court granted McCoy's motion for summary judgment against the heirs and confirmed the tax title. The court found that the clerk met the notice requirements by sending the notice of redemption via certified mail on April 4, 2022, publishing a notice in *The Meridian Star* newspaper, and posting notices at the residences of all the heirs. Additionally, the court determined that Mindy received and signed the notices that were delivered to the family dental office on April 18, 2022. The heirs-at-law now appeal.

## STANDARD OF REVIEW

¶9.     When reviewing the grant or denial of a motion for summary judgment, this Court utilizes a de novo standard of review. *Foreman v. DHP1, LLC*, 406 So. 3d 763, 767 (¶13) (Miss. 2025); *see* M.R.C.P. 56(c). A party is entitled to summary judgment if no genuine

5

issue of material fact exists, and "the moving party is entitled to judgment as a matter of law." *McMillan v. Rodriguez*, 823 So. 2d 1173, 1177 (¶9) (Miss. 2002); *accord* M.R.C.P. 56(c). We "maintain[] a limited review of a chancellor's findings of fact." *Rebuild Am. Inc. v. Norris*, 64 So. 3d 499, 500 (¶7) (Miss. Ct. App. 2010).

## DISCUSSION

¶10.    On appeal, the aggrieved heirs contend that the chancery court erred in finding that the chancery clerk and constable complied with notice requirements under the right of redemption relating to the August 2019 sale and tax title.

### I.    Mississippi Public Policy Protects Landowners

¶11.    Mississippi has a long-standing public policy aimed to protect landowners from losing their property due to tax sales. *Carmadelle v. Custin*, 208 So. 2d 51, 55 (Miss. 1968). "Statutes allowing the right of redemption from tax sales, whether by the owner of the fee, or any person who has an interest in the land, are to be liberally and benignly construed in favor of the right to redeem." *Marathon Asset Mgmt. LLC v. Otto*, 977 So. 2d 1241, 1244 (¶8) (Miss. Ct. App. 2008), *abrogated on other grounds by HL&C Marion LLC v. DIMA Homes Inc.*, 364 So. 3d 616, 620 (¶¶16-17) (Miss. 2022); *see In re Est. of Flowers*, 493 So. 2d 950, 951 (Miss. 1986) (noting claim that due process requires notice to be given to known potential heirs in an intestate proceeding). Our supreme court has ruled that notice statutes must be strictly construed in favor of the landowners, and "[a]ny deviation from the statutorily mandated procedure renders the sale void." *Rebuild Am.*, 64 So. 3d at 501 (¶8); *see Brown v. Riley*, 580 So. 2d 1234, 1237 (Miss. 1991); *Moore v. Marathon Asset Mgmt.*

6

*LLC*, 973 So. 2d 1017, 1021 (¶14) (Miss. Ct. App. 2008). Accordingly, it has been established that landowners whose property is sold for unpaid taxes can redeem their land within two years of the tax sale by paying the chancery clerk all taxes owed, along with any associated costs and statutory damages. Miss. Code Ann. § 27-45-3 (Rev. 2024).

¶12. As a result, the chancery clerk is required by law to issue notice of the tax sale and the landowner's statutory right of redemption. Miss. Code Ann. § 27-43-1 (Rev. 2024). When providing notice of a tax sale to a landowner or lienor, Mississippi Code Annotated section 27-43-1 mandates the following:

> The clerk of the chancery court shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption with respect to land sold, either to individuals or to the state, be required to issue notice to the record owner of the land sold as of one hundred eighty (180) days prior to the expiration of the time of redemption[.]

The statute does not establish who should be given notice if the record owner is deceased. The Mississippi Supreme Court has held that "[r]eading Section 27-43-1 in conjunction with Section 27-43-3, the 'reputed owner' referenced in Section 27-43-3 is the 'record owner of the land sold as of one hundred eighty (180) days prior to the expiration of the time of redemption[.]'" *Foreman*, 406 So. 3d at 768 (¶19). Therefore, the two terms may be used interchangeably.

¶13. Pursuant to Mississippi law, all parties having or claiming any interest in the property at issue must be brought before the court. Miss. Code Ann. § 11-17-29 (Rev. 2019); *id.* § 11-17-1; *White v. Merchs. & Planters Bank*, 229 Miss. 35, 90 So. 2d 11, 14 (1956) (holding confirmation decrees void where the interest owner or, if dead, his heirs, was not made a

party to the suit). In *Moore*, a man purchased property during foreclosure, changing ownership during the final 180 days before the end of the tax sale redemption period. *Moore*, 973 So. 2d at 1019 (¶5). Our Court found that the purchaser at a foreclosure sale has standing to challenge the tax sale. *Id.* at 1022 (¶19). As a result, our Court determined that the purchaser had standing to dispute the validity of the tax sale. *Id.* at (¶20). Therefore, although the purchaser was not entitled to statutory notice, the tax sale was declared void due to the chancery clerk's failure to submit "necessary affidavits." *Id.*

¶14.    McCoy placed a tax lien on the properties on August 21, 2020, initiating the two-year clock for the right of redemption to expire. During the initial sale, Minnie was the record owner; however, like in *Moore*, the ownership of the land changed during the redemption. Here, the three parcels of land changed owners at the time of Minnie's death on February 1, 2022, leaving seven months to redeem the property. Thus, Minnie's heirs, Mindy, Gregory, and Jacquelyn, were entitled to receive statutory notice.

## II.    Due Process and Notice Requirements

¶15.    Having determined that Minnie's heirs were entitled to notice, we must then determine if the statutory procedure was correctly followed. Clerks are required to send "redemption notice . . . by personal service, by mail, and by publication in an appropriate newspaper." *Rebuild Am.*, 64 So. 3d at 501 (¶¶10-11) (quoting *DeWeese Nelson Realty Inc. v. Equity Servs. Co.*, 502 So. 2d 310, 312 (Miss. 1986)). "All three requirements must be met for the redemption notice to be complete and in accordance with the statute." *Id.*; *see Tofino Holdings LLC v. Donnell & Sons LLC*, 119 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2012).

8

Caselaw interpreting Mississippi Code Annotated section 27-45-27 provides that "a tax-sale purchaser retains a lien on the property in the event that the sale is declared 'illegal on some other ground.'" *Sass Muni-V LLC v. DeSoto County*, 170 So. 3d 441, 449 (¶21) (Miss. 2015) (quoting Miss. Code Ann. § 27-45-27(1) (Rev. 2010)). Section 27-43-3 specifically states the following:

> The clerk shall issue the notice to the sheriff of the county of the reputed owner's residence, if he is a resident of the State of Mississippi, and the sheriff shall be required to serve notice as follows:
>
> (a) Upon the reputed owner personally, if he can be found in the county after diligent search and inquiry, by handing him a true copy of the notice;
>
> (b) If the reputed owner cannot be found in the county after diligent search and inquiry, then by leaving a true copy of the notice at his usual place of abode with the spouse of the reputed owner or some other person who lives at his usual place of abode above the age of sixteen (16) years, and willing to receive the copy of the notice; or
>
> (c) If the reputed owner cannot be found after diligent search and inquiry, and if no person above the age of sixteen (16) years who lives at his usual place of abode can be found at his usual place of abode who is willing to receive the copy of the notice, then by posting a true copy of the notice on a door of the reputed owner's usual place of abode.
>
> The sheriff shall make his return to the chancery clerk issuing the notice. The clerk shall also mail a copy of the notice to the reputed owner at his usual street address, if it can be ascertained after diligent search and inquiry, or to his post-office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of the property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in the county. The publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.

Miss. Code Ann. § 27-43-3 (Rev. 2024).

¶16. When the record owner fails to receive proper notice of a tax sale, the result is that "the parties are left where they [would have been]" if the sale had not taken place. *Hammett v. Johnson*, 624 So. 2d 58, 60 (Miss. 1993); *see SKL Invests Inc. v. Am. Gen. Fin. Inc.*, 22 So. 3d 1247, 1250 (¶10) (Miss. Ct. App. 2009); *Tofino*, 19 So. 3d at 359 (¶13); *see also Cleveland v. Deutche Bank Nat'l Trust Co.*, 207 So. 3d 710, 717 (¶26) (Miss. Ct. App. 2016) (holding the tax sale was void in its entirety due to the chancery clerk's failure to comply with the statutory requirements in providing notice to the owner).

¶17. Here, the clerk did not fully comply with the redemption notice requirements outlined in sections 27-43-1 and 27-43-3. After reviewing the record and the applicable law, we find error in the chancellor's determination that the tax sale was valid. Clerks are required to send redemption notice by personal service, by mail, and by publication in an appropriate newspaper. However, that did not happen here.

### III.   Compliance with Notice of the Landowner's Right of Redemption

¶18. In *Foreman*, a man defaulted on a promissory note with the bank and incurred multiple tax liens on two plots of land he owned. *Foreman*, 406 So. 3d at 765-66 (¶2). One of the plots of land was sold in a tax sale. *Id.* at 766 (¶2). The bank later transferred its interest in the promissory note and deed of trust associated with both plots of land to the man's brother, who purchased the two parcels of land in a foreclosure sale. *Id.* at 766 (¶3). The foreclosure sale purchaser then brought action to confirm and quiet title against the tax sale purchaser, alleging that the tax sale was void for failure to satisfy statutory requirements by not providing notice to the former owner. *Id.* at 767 (¶10). The foreclosure-sale purchaser

10

argued that the former owner was the owner of record until the "Special Commissioner's Deed" was signed and, thus, entitled to notice. *Id.*

¶19. The court determined that the man was the reputed owner of the land and that the chancery clerk had failed to give him notice of the redemption 180 days before the redemption period expired. *Id.* at 770 (¶25). The court clarified that while the statutes do not address situations where ownership changes, it is clear that the original owner was entitled to notice, and the statutory protections require a diligent search by the clerk's office. *Id.* at 770 (¶¶24-25). As a result, our supreme court held the tax sale was void because the record owner did not receive the statutorily required notice and the affidavit requirements of section 27-43-3 were not satisfied. *Id.* at 771 (¶30).

¶20. Here, regarding the August 2019 tax sale, McCoy had not yet received the tax deeds. Like *Foreman*, Hunter's heirs were not given the proper notice during the 180 days before the right of redemption expired. Minnie's estate did not officially open until March 3, 2023, after the notices were sent out and the redemption period had expired. The notices and newspaper publication were all completed several months prior to the estate's opening and the heirs being officially determined by the court. However, the chancery clerk sent out notices before the court made a determination of heirship, rendering the sale invalid.

¶21. The record shows that the clerk sent the initial notice to the "Minnie Pearl and Eugene Estates" on April 4, 2022; however, no estate with that name existed at the time. Although Minnie and Eugene Sr. were deceased before the expiration of the right to redemption, neither one had an open estate when the notices were sent. Further, the notice was sent to

11

the family dental office. Although a notice was also sent to 1119-B John C. Stennis Drive, Lauderdale, Minnie had not owned or lived there for over a year before her death. According to her children, the bank owned that property, and no one in the family had lived there for over a year. The clerk's office claimed that Mindy signed the first notices; however, Mindy stated that she never saw the constable at the dental office and stated that the signature was not hers. Moreover, none of the heirs, who all worked at the dental office, saw the constable during their twelve-hour shifts. *See Tofino*, 119 So. 3d at 361 (¶13) (finding the tax sale was void when the personal service by the sheriff did not occur within the mandated time frame).

¶22. Lastly, the second forfeiture notice was addressed to the "Minnie Pearl Hunter Estate" and sent to the dental office on June 1, 2022, but no such estate existed at the time. Furthermore, all living heirs and Eugene Jr. received notices addressed to the "Minnie Pearl Hunter Estate," which, as noted earlier, did not exist at that time. Multiple notices were sent under a non-existent estate and to a deceased person. Like in *Foreman*, where the chancery court clerk did not provide sufficient affidavits or follow the statutory guidelines, here, the clerk failed to provide appropriate affidavits demonstrating that the office followed its due diligence to find the heirs. The constable stated that he posted the notice on the heirs' doors; however, the heirs' affidavits contradict that statement. Gregory, Jacquelyn, and Mindy all signed affidavits stating that they never received notices from the clerk at their home addresses. Additionally, while the constable stated he went to the dental office, the heirs stated they never saw him there, despite the clinic being open twelve hours a day. Accordingly, the statutory notice requirements were not satisfied.

12

¶23. Our courts have consistently held that right-of-redemption issues should be construed liberally and in favor of the right to redeem. Therefore, we find the tax sale to be invalid. It would allow the Hunters to lose their family land because the clerk failed to serve notice by not producing appropriate affidavits and failing to comply with the statutory requirements without the estate being open or before the heirs were identified. As a result, we reverse and remand this case to the chancery court with instructions to award McCoy statutory damages for the amount paid in taxes and void the tax sale. *See* Miss. Code Ann. § 27-43-3; *id.* § 27-45-27(1); *see also Thoden v. Hallford*, 391 So. 3d 1137, 1146 (¶32) (Miss. 2024) (finding the tax purchaser was entitled to reimbursement for post-forfeiture taxes paid, without interest, based on the theory of unjust enrichment).[4]

## CONCLUSION

¶24. For the reasons stated above, we find that the chancery court erred in granting McCoy's motion for summary judgment confirming the tax sale because the notices did not follow the statutory requirements listed in sections 27-43-1 and 27-43-3. Accordingly, we reverse the judgment and remand to the chancery court for further proceedings consistent with this opinion.

¶25. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., McDONALD, LAWRENCE AND McCARTY,**

---

[4] Under sections 27-43-3 and 27-45-27(1), a tax-sale purchaser has the right to receive a refund of the purchase money corresponding to the amount paid for a property at a tax sale that was later declared void. Additionally, the purchaser is entitled to interest on the purchase money, calculated from the date of the tax sale until the date when the chancellor issued a final judgment confirming that the purchaser was entitled to statutory damages for the amount paid in taxes on the property.

**JJ., CONCUR. LASSITTER ST. PÉ, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. EMFINGER AND WEDDLE, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. WILSON, P.J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION, JOINED BY EMFINGER, WEDDLE AND LASSITTER ST PÉ, JJ.**

**WILSON, P.J., CONCURRING IN RESULT ONLY:**

¶26. When land is sold for taxes, the chancery clerk is required to issue notice of the redemption deadline "to the record owner of the land sold as of one hundred eighty (180) days prior to the [deadline]." Miss. Code Ann. § 27-43-1 (Rev. 2024). The record owner must be served with such notice by (1) personal service, (2) publication, and (3) certified mail. Miss. Code Ann. § 27-43-3 (Rev. 2024); *Foreman v. DHP1 LLC*, 406 So. 3d 763, 768-69 (¶19) (Miss. 2025) (holding that the "reputed owner" referred to in section 27-43-3 is the "record owner" referred to in section 27-43-1). "All three requirements must be met for the redemption notice to be complete and in accordance with the statute." *Vanaman v. Am. Pride Props. LLC*, 287 So. 3d 251, 257 (¶19) (Miss. Ct. App. 2018) (quoting *Cleveland v. Deutche Bank Nat'l Tr. Co.*, 207 So. 3d 710, 715 (¶20) (Miss. Ct. App. 2016), *cert. denied*, 207 So. 3d 1239 (Miss. 2017)). In addition, our Supreme Court has held that "[t]he statute surely contemplates that *each* owner shall receive the notice required by the statute." *Brown v. Riley*, 580 So. 2d 1234, 1237 (Miss. 1991). The Supreme Court has also held that "[a]ny deviation from the statutorily mandated procedure renders the sale void." *Foreman*, 406 So. 3d at 769 (¶20).

¶27. In this case, the *record* owner of the land 180 days prior to the end of the redemption period (Minnie) was *deceased*. The statute does not specify who should be served in such

14

a scenario. Nor does there appear to be any precedent addressing that issue. Assuming for purposes of this appeal that statutory service on the actual owners of the property would be proper and sufficient, it was not accomplished in this case.[5]

¶28. The chancery clerk sent notice by certified mail to the deceased record owner (Minnie) and her deceased husband (Eugene Sr.) at the address of a dental clinic where Minnie's three heirs[6] (her children, Gregory, Jacquelyn, and Mindy) all work. Mindy allegedly signed for the letters; however, Mindy denies that the signature on the receipt is hers. Thus, notice by certified mail was not addressed to any of Minnie's heirs and was signed for by only one of them, at most. In addition, the returns completed by a constable state that the constable "posted" a copy of the notices at the dental clinic and at all three heirs' residences. However, Gregory, Jacquelyn, and Mindy all deny that any such notices were posted at the clinic or at their residences. Notice by publication was made to Minnie's "unknown and undisclosed heirs at law."

¶29. As stated above, our Supreme Court has held that "[t]he statute surely contemplates that *each* owner shall receive the notice required by the statute," *Brown*, 580 So. 2d at 1237,

---

[5] To be clear, I do not fault the chancery clerk's efforts in this case. The chancery clerk attempted to comply with the law by sending notice to the deceased *record* owner. In general, a chancery clerk is only expected "to search the land records kept within the chancery clerk's office and then to notify interested parties revealed by that search." *HL&C v. DIMA Homes Inc.*, 364 So. 3d 616, 621 (¶20) (Miss. 2022). The problem here is that the statute does not clearly or satisfactorily address who should be given notice when the record owner has died.

[6] *See Parker v. Newell*, 245 So. 2d 575, 576 (Miss. 1971) ("[R]eal estate descends directly and immediately upon his death to the heirs or devisees of the deceased owner subject only to the debts of the deceased over and above his personal estate.").

15

and that "[a]ny deviation from the statutorily mandated procedure renders the sale void." *Foreman*, 406 So. 3d at 769 (¶20). Further, "[a]ll three [statutory notice] requirements must be met for the redemption notice to be complete and in accordance with the statute." *Vanaman*, 287 So. 3d at 257 (¶19) (quoting *Cleveland*, 207 So. 3d at 715 (¶20)). Despite the chancery clerk's efforts to provide notice to Minnie's heirs, each of the actual owners of the property did not receive notice in accordance with the requirements of the statute. Therefore, I concur that the tax sale and conveyance are void and must be set aside. In my view, McCoy is entitled to recover from the Hunters statutory damages, costs of the conveyance, and any subsequent years' tax payments, and McCoy is also entitled to a lien on the property. *See Thoden v. Halford*, 391 So. 3d 1137, 1144-46 (¶¶22-32) (Miss. 2024).

**EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., JOIN THIS OPINION.**